## McDONALD v. THE STATE.

1. LOCAL OPTION LAW. *Act* 1886. *Evidence of election.*

    Under the act of March 11, 1886 (Laws, p. 35), known as the local option law, the verified report of the election commissioners, spread on the minutes of the board of supervisors as required by § 4, is the sole evidence of the result of the election.

2. SAME. *Unlawful sale of liquors. Indictment.*

    Under the said act, an indictment for unlawfully selling intoxicating liquors, which avers that a report of the result "against the sale," verified by affidavit, was returned and spread on the minutes of the board of supervisors, but fails to allege that the *commissioners of election* had determined and reported to the board that a majority of the votes cast were against the sale, is fatally defective.

FROM the circuit court of Franklin county.

HON. W. P. CASSEDY, Judge.

Appellant was convicted of unlawfully selling intoxicating liquors in violation of the act of March 11, 1886, commonly known as the local option law, and was sentenced to pay a fine of $50 and be imprisoned for thirty days.

The sole question presented here is the correctness of the court's action in overruling the motion of accused to quash the indictment.

It is alleged in the indictment that an election was duly held under the said act of 1886, and resulted in a majority of votes being cast "against the sale," and that within ten days thereafter "a written report was returned to the board of supervisors of the result, verified by affidavit, and was spread upon the minutes of said board." It is not averred that *the commissioners of election* had canvassed the returns and ascertained and determined the result and made a written report to the board of supervisors verified by their affidavits.

The failure to allege this in the indictment is one of the grounds set out in the motion to quash.

*H. Cassedy,* for appellant.

It was essential that the indictment allege that an election had

been held, and the result certified by the election commissioners. *Toole* v. *State*, 7 S. & M. 42 ; *Norton* v. *State*, 65 Miss. 297.

*T. M. Miller*, attorney-general, for the state.

CAMPBELL, C. J., delivered the opinion of the court.

By sec. 4 of " *An act for preventing the evils of intemperance*," etc., approved March 11, 1886, it is provided that the " *commissioners of election shall canvass the returns so made to them, and shall ascertain and determine the result, and shall within ten days after the election make a written report to the board of supervisors, verified by their affidavits, of the result so declared by them upon such canvass and return, which said report shall be spread upon the minutes of the board*," etc. This is made the evidence of the result of the election, and is the only evidence on the subject admissible. Until the commissioners of election determine and report the result it is as if no election had been held.

This indictment is defective in not averring that the commissioners of election had determined and reported to the board that a majority of the votes cast were "against the sale." So far as shown by the indictment the result may have been determined and reported by anybody. No intendment can be made in favor of the indictment, which must show everything required to sustain a conviction under the act.

The indictment should have been quashed.

*Reversed, indictment quashed, and appellant held to answer in the circuit court any new indictment which may be found against him.*