## W. J. CONRAD v. THE STATE.

1. LOCAL OPTION LAW. *Laws* 1886, *p.* 35. *Result of election. Evidence.*

   By ¿ 4 of the act of 1886 (Laws, p. 35), it is the duty of the election commissioners to canvass the returns of a local option election and declare the result. Their report is made evidence, and it is the sole evidence of the result, and cannot be questioned in a collateral attack. *McDonald* v. *State*, 68 Miss., 728.

2. SAME. *Report of commissioners. Collateral attack. Criminal law.*

   The rule forbidding investigation, on a collateral inquiry, as to the sufficiency of the evidence on which such report was made, applies as well in criminal as in civil cases. Hence, on the trial of one indicted for the unlawful sale of liquor in a county where such election has been held, the report of the commissioners is conclusive as to the result.

3. SAME. *Result of election. Report conclusive. Irregularities.*

   In such case, where the report avers that the election resulted against the sale, it is conclusive as to that, although showing on its face that no election was held in some of the precincts of the county, and, as to another, that no returns were received by the commissioners.

4. RESULT OF ELECTION. *Judicial notice. Code* 1892, ¿ 1621. *Prior offense.*

   On the trial of such a case, the court will, under ¿ 1621, code 1892, take judicial notice of the result of the election, although held under the act of 1886, and though the offense was committed before said section of the code became operative. The act being unlawful, whether the election resulted for or against the sale, the defendant's guilt or innocence is not involved in a decision of the question as to how the election resulted.

FROM the circuit court of Yazoo county.
HON. J. B. CHRISMAN, Judge.

On August 25, 1892, appellant was indicted in the circuit court of Yazoo county, for the unlawful sale of liquor on August 23, 1892, the county having voted against the sale of liquor at an election held under the local option law in August, 1888. He was convicted in February, 1893, and sentenced to imprisonment in the county jail for sixty days, and to pay a fine of $100.

On the trial, it was shown that the defendant sold liquor in said county in May, 1892. Thereupon the defendant offered to introduce the report of the commissioners made to the board of supervisors in respect to the election held in said county under the local option, August 23, 1888, with a view to showing the insufficiency of the returns upon which the commissioners of election made their report that a majority of votes against the sale of liquor had been cast. No evidence *aliunde* was offered, but it was proposed to be shown by the statement of the returns contained in the report itself that the result had been improperly declared. The report contained a statement showing the number of votes cast at each of eleven precincts, showing a majority of seven hundred and four against the sale. But it was stated therein that no election was held at one precinct, and that no returns were received from two others. The maximum fine for the first offense, under the act of 1886, is $50. The opinion contains a further statement of the case.

*J. S. Perrin* and *Barnett & Thompson*, for appellant.

1. The offense with which appellant was charged was committed before the code of 1892 had gone into effect, and before the act of 1886 was superseded. Therefore, the penalty was fixed by the act of 1886, and it goes without saying that the fine of $100 was excessive. We assume, in any event, the case will be remanded, in accordance with § 4353, code 1892, that appellant may be properly sentenced.

2. In *McDonald* v. *State*, 68 Miss., 728, this court said the commissioners' return was made the evidence of the result of

the election, and is the only admissible evidence on the subject. Now, the return offered in this case is a *partial* one. That it is a partial canvass of the votes cast at the election, is affirmatively shown. We are aware of the rule that, in civil contests over offices, and the like, in case of a partial return like this, the return is considered *prima facie correct*, and that the burden of proving that the omitted votes were sufficient in number to change the result, is thrown on the contestant; but that rule has no application. In the first place, it is not a question where the burden of proof rests, for, under the case above cited, no extraneous proof is admissible. In the next place, if it were a question of the burden of proof, this being a criminal case, the burden would be on the state, from which it never shifts. The argument is, not that the election was void, but that the return was insufficient to show what the result was. The court cannot, as a matter of law, know how many voters there may have been at the three omitted boxes. If it did, the result would be the same, for the return is the only evidence.

It may be said that, inasmuch as the return shows that it was made the day when the managers were directed to deliver the returns to the commissioners, it will be presumed that they waited until the prescribed time, and then did the best they could by making the return upon such reports as had been delivered to them. But this will not meet the difficulty, for the question is not solely as to the duty of the commissioners, but as to the evidential value of their return. The duty of the managers of election to report the votes cast at the boxes which were omitted, was purely ministerial, and they could have been compelled to perform it by mandamus. *Myers* v. *Chalmers*, 60 Miss., 772; McCrary on Elections, § 338.

It was necessary that all the votes cast should have been considered by the canvassers and a statement procured by them in some way, before their return could be received as sufficient evidence as to the result of the election.

We submit that no argument can render this return competent, under the statute, for the competency of the return is the same thing as its weight. It must be complete in itself and conclusive in itself.

This is not an attempt to attack the return collaterally by evidence *aliunde*, or to go behind the return and show it to be untrue. The proposition is to reject the return as evidence, because its value as such is destroyed by its own statements.

The rule against collateral attack should have no application to this case, because no method is provided to contest the result of a local option election by any direct proceeding. *Schulherr* v. *Bordeaux*, 64 Miss., 59.

A majority of the commissioners may declare the result. *Fullwood* v. *State*, 67 Miss., 554. And that majority may be of the same opinion as to the question to be voted on. Code 1892, § 1611. This leaves the commissioners masters of the situation, amenable to no authority, with no remedy for any wrong they may commit. Under the ruling of the lower court, they, or a majority of them, on any excuse to be expressed in their return, may count only the votes cast at such boxes as they may select, and declare the result from them, and thus defeat the will of the voters with impunity.

*Frank Johnston*, attorney-general, for the state.

1. The court properly instructed the jury that the local option law was in force in Yazoo county. Code 1892, § 1621. This statute is merely a rule of evidence, relating not to the issue whether defendant committed the act, but to a preliminary matter which determined simply the question as to which of the two statutes was in force.

The contention of appellant must proceed upon the theory that the statute of 1892, in force at the time of the trial, is *ex post facto*. The offense was committed in May, 1892. Whether the law of 1886 or the code of 1880 was in force at that time, is wholly immaterial, so far as the criminality

of the act is concerned. The new law did not change the rules of evidence in respect to the legality of the act. A statute providing different evidence, or a less degree of evidence, for conviction, cannot be made retroactive. But here the act of defendant was *per se* criminal. The essential evidence required to prove the offense is the same, whether it comes within the act of 1886 or the code of 1880. For these reasons § 1621, code 1892, is not an *ex post facto* law.

2. But the proof showed that the county had voted to prohibit the sale of liquors. The law of 1886 makes the report of the commissioners evidence of the result of the election.

The objections to the validity of the election are untenable. The failure of one or more precincts to hold an election, could not defeat the result in the county. The same may be said of the objection that the returns from one precinct were never sent in.

The admission of opposite counsel that, in a civil case, the election would be valid, concedes the whole question. There is but one rule as to the validity of the election. If valid for one purpose, it is valid for all.

Again, the validity of the election could not be attacked in this collateral manner. The power is vested in the commissioners to canvass the returns and decide the result of the election. The question is settled in *McDonald* v. *State*, 68 Miss., 728.

3. If the statute of 1886 is the law of the case, and fixes the punishment, then the fine of one hundred dollars is excessive. In this view the court will not disturb the verdict, but will remand the case for the proper sentence.

Argued orally by *Frank Johnston*, attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

The court properly instructed the jury that the act approved March 11, 1886, and commonly known as the local option law, was operative in Yazoo county at the date of the

alleged illegal sale of intoxicating liquors by the defendant. If, since the code of 1892 became operative (by § 1621 of which the courts are required to take judicial notice of the result of local option laws), it is admissible for one indicted to traverse the allegation that the act is in effect in the locality, the evidence introduced in the court below was conclusive.

By § 4 of the act, it is made the duty of the commissioners of election to canvass the returns and declare the result of elections held under the provisions of the law, and copies of their report are made evidence in all courts of this state. In *McDonald* v. *State*, 68 Miss., 728, we held this return of the commissioners to be the only evidence admissible of the result of such elections. The rule which forbids an investigation, on a collateral inquiry, into the sufficiency of the evidence upon which the commissioners made their report, has no exception from the mere fact that the collateral attack is made in a criminal prosecution.

The sale of intoxicating liquor by the defendant was, in its nature, an offense, irrespective of the question whether the election was in favor of or against the operation of the law. The inquiry as to his guilt or innocence was not involved in or determinable in any degree by its decision. Paine on Elections, § 951.

In cases of contested elections, where the right of one claiming title to an office under a certificate of the returning officers, is directly involved, irregularities upon the face of the certificate may impair or destroy its value as *prima facie* evidence. McCrary on Elections, § 279. But the return cannot be attacked collaterally. *1 b.*, § 281.

It is conceded that the sentence imposed, as it appears in the record (probably by clerical error), is greater than the maximum prescribed by law. For this error, the judgment must be reversed. The verdict, however, will not be disturbed, but the appellant will be held to appear at the next term of the circuit court of Yazoo county for sentence.