MOFFETT *et al. v.* BOARD OF SUPERVISORS OF ATTALA COUNTY.

(Division A.   Feb. 28, 1938.   Suggestion of Error Overruled March 28, 1938.)

[179 So. 352.   No. 33086.]

420

**G. S. Landrum,** of Kosciusko, for appellants.

G. J. Thornton, of Kosciusko, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case had its inception in a proceeding instituted before the Board of Supervisors of Attala County by a petition filed under section 2, chapter 171, Laws 1934, purporting to contain the names of more than 20 per centum of the qualified electors of the county, asking for an election to be called and held for the purpose of determining whether the transportation, storage, sale, distribution, possession, receipt, or manufacture of wine and beer with an alcoholic content of not more than 4 per centum by weight should be permitted in such county.

An election was held pursuant to the prayer of the petition, resulting in a vote of approximately three to one in favor of the exclusion of wine and beer from the county, which was put into effect by an order of the Board of Supervisors, from which an appeal was taken, on bill of exceptions, to the circuit court, where the action of the board was approved and upheld. On the appeal here three grounds are urged for a reversal of the case: First, that the Board of Supervisors undertook to

delegate to an individual the matter of determining whether the petition contained 20 per centum of the qualified electors of the county; second, that the Board of Supervisors was required to adjudicate such fact as of February 3, 1937, when its order was actually entered on the minutes, and failed to do so; and, third, that the Board of Supervisors undertook to confer upon the qualified electors the right to vote for the exclusion of the "possession" of wine and beer in the county, as well as the exclusion of transportation, storage, sale, distribution, receipt, and manufacture of such beverages.

Accompanying the petition was an affidavit by G. J. Thornton to the effect that the petition contained the required number of signers. This petition, although presented at the January, 1937, meeting of the board, was not acted on by the board at that time, but an order was passed by which there was an attempt made to refer the matter to the Election Commissioners for the purpose of having them ascertain whether the petition contained the names of the requisite number of qualified electors.

On Monday, the 1st day of February, 1937, the Board of Supervisors passed an order, as it should have done in the first instance, whereby it undertook to adjudicate this essential jurisdictional fact. This order recites, among other things, that "There was attached to and filed with said petition an affidavit of G. J. Thornton, stating that said petition contained more than twenty per cent of the qualified electors of Attala county, and the board, having read the petition and affidavit as aforesaid, and inquired into both, and having considered the same, advises, determines and adjudicates that there are 4,876 qualified electors in Attala county for the year 1936, and that of said number more than twenty per cent have signed said petition."

The affidavit referred to in the order of the board made no reference to the number of qualified electors in the county, and we must therefore assume that the board

made some independent investigation of its own, to ascertain the number of qualified electors in the county, so as to determine that more than 20 per cent. of them had signed the petition in question, and we are of the opinion that the language of the order of the board, above quoted, is sufficient to withstand the objection that there was an attempt by the board to delegate authority to G. J. Thornton to canvass the petition and determine the per centum of qualified voters thereon. This order of the board is dated, and was passed, Monday, February 1, 1937, but it was not entered on the mintues, according to a certificate of the chancery clerk, until two days later. However, section 211, Code 1930, only requires that the minutes of each day shall be read and signed by the president of the board before final adjournment. And, since the minutes of each day were signed before final adjournment, as required by the statute, the qualifications of the electors should have been determined, as was done in this instance, as of the hour when the petition was considered and canvassed on February 1, 1937, being the date of the passage of the order thereon, and it was not necessary for the board to consider whether or not a sufficient number of the petitioners might become disqualified by the expiration of that date to reduce the number of signers to a figure below 20 per cent. of the qualified electors. In other words, the board was not required to determine or adjudicate that a sufficient number of them would remain qualified to vote in elections that might be held during the year 1937.

Neither do we think that the fact that the order of the board and the ballots used in the election submitted to the voters the right also to exclude the possession of wine and beer in the county had the effect of vitiating the election, even though section 2 of chapter 171, Laws 1934, only conferred the right to hold an election for the exclusion of the transportation, storage, sale, distribution, receipt, and manufacture of such beverages.

The proposal, as contained in the order of the board and in the ballot, to exclude even the possession of wine and beer in the county, should have had a tendency to increase, rather than diminish, the vote against the exclusion of these beverages, and of which the appellants would not be entitled to complain. At any rate, the order of the board declaring the result of the election and directing the exclusion did not undertake to exclude possession. If it had done so, it would have been ineffective to that extent, since chapter 171, Laws 1934, recognized the right to possess these beverages at any and all events.

We are therefore of the opinion that none of the objections urged here against the validity of the election are well taken, and that the judgment of the circuit court, upholding the election and order of the Board of Supervisors, should be affirmed.

Affirmed.