RILEY *v.* STATE.

Division B.   Dec. 10, 1951.

No. 38229   (55 So. (2d) 447)

**Roy N. Lee** and **James W. Lee,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.**

Appellant was convicted of the sale of intoxicating liquor designated as "homebrew." The testimony indicated that it was malt liquor.

There was no showing whether the sale was made in a county which had voted out beer, nor did the proof show the alcoholic content of the product. There was convincing testimony that the liquor was intoxicating. The State seeks affirmance upon the theory that the applicable statute is Code 1942, Section 2613, which forbids traffic in any liquors "which if drunk to excess will produce intoxication." ▮▮ Insofar as malt liquors or beer is concerned, this section has been superseded by Sec. 10207 et seq., Chapter 5, Vol. 7, Code 1942, as to all cases covered by the chapter, and the test is not its intoxicating potency but its alcoholic content. Hall v. State, 199 Miss. 560, 24 So. (2d) 780.

The indictment was insufficient. It charged only that the accused "did unlawfully sell intoxicating liquor, to wit, Home-Brew." No crime is stated. ▮▮ There is no allegation that the sale of beer had been outlawed by an election. May v. State, 209 Miss. 579, 47 So. (2d) 887.

The cause will be reversed and appellant discharged, but without prejudice to the State to institute such further proceedings as it may deem appropriate.

Reversed and appellant discharged.

**Hall, J.**, took no part in the decision of this case.