## HOYLE *v.* STATE.

Jan. 26, 1953

No. 38609          17 Adv. S. 14          62 So. 2d 380

*Brown & Elledge,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

Lotterhos, J.

Appellant was convicted of an alleged offense under an indictment charging that on a certain day in 1950 "a valid election was held . . . in Itawamba County . . . under the provisions of Section 10208, Code 1942, at which election said county by a majority vote of the duly qualified electors voting in said election determined that the transportation, storage, sale, distribution, receipt, and/or manufacture of beer should not be permitted in said county," and that on a certain day in 1952 in said county appellant "did unlawfully have in his possession beer, for the unlawful purpose of sale in Itawamba County." On search of the combined home and store of appellant, under a valid search warrant, 31 quart bottles of beer were found. There was evidence in support of the charge that the beer was possessed for purposes of sale.

Several assignments of error are urged by appellant, but only one of them need be discussed, as it necessarily disposes of the case. Appellant says that it was error to overrule his demurrer to the indictment.

A serious question is raised in the attack on the indictment, based on McDonald v. State, 68 Miss. 728, 10 So. 55. In that case an indictment under the local option liquor law of 1886 (Chap. 14, Laws of 1886) was quashed, because it alleged only that an election was duly held under the act and resulted in a majority of votes being cast "against the sale," without alleging that the commissioners of election had canvassed the returns and performed other duties required by the act. It was said in that case: "Until the commissioners of election determine and report the result it is as if no election had been held." The pertinent parts of the act of 1886 and of the present beer statute (Sec. 10208,

Code of 1942, and Sec. 3018, Code of 1942, applicable to elections held under Sec. 10208) are substantially alike.

■■■ The contention is made in the present case that the indictment is fatally defective in that it does not allege that the board of supervisors passed the necessary order under Sec. 3018, to put the result of the election into effect. We have concluded that the indictment is not invalid on that ground. It alleges that at the election "said county" by a majority vote "determined" that the beer traffic should not be permitted. The charge that the *county determined* is a sufficient allegation that necessary action had been taken by the proper authorities. It is almost exactly in the words of the statute. In our view, it is not required that each step by which the county effected its determination be set out. However, it may be commented that it would be preferable in cases of this sort to use language in the indictment to the effect that the board of supervisors, after a valid election under Sec. 10208, entered an order prohibiting the transportation, etc. of beer.

We come now to the proposition which we find controlling in this case, resulting in a sustaining of the demurrer to the indictment. The appellant is charged with the offense of unlawfully having "in his possession beer, for the unlawful purpose of sale" in a non-beer county. Is the "possession" of beer, not shown to be of an alcoholic content greater than four per centum by weight, in such county, a crime under our statutes? We think not.

Prior to the enactment of Chapter 171, Laws of 1934 (the wine and beer statute), the possession of and traffic in all intoxicating liquors was prohibited. Then the act of 1934 provided that it shall, subject to the local option provisions, "be lawful, in this state to transport, store, sell, distribute, *possess,* receive and/or manufacture wine and beer of an alcoholic content of not more than four per centum by weight." (Sec. 10207, Code of

1942. Emphasis supplied). It is then provided in this statute that if any county holds an election for the purpose and determines that "the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages, shall not be permitted in such county, then the same shall not be permitted therein." (Sec. 10208, Code of 1942). A proviso is added that "nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption." It is noted that in three instances, after this proviso, the section enumerates the act which may be forbidden, and each time the word "possession" is omitted.

It is clear to us that the legislature, having legalized the "possession" of beer of an alcoholic content of not more than four per centum by weight, did not empower counties to forbid possession thereof when it authorized them to prohibit the transportation, storage, etc., without mentioning possession. Reference to Webster's New International Dictionary (Second Edition) shows the principal definition of "storage" as—"Act of storage, or state of being stored; specif., the safe-keeping of goods in a warehouse or other depository." Obviously, "storage" and "possession" are not the same thing.

It is necessary that a charge of unlawful possession of beer include an allegation that the alcoholic content is in excess of four percentum by weight. Hall v. State, 199 Miss. 560, 24 So. 2d 780. It is true that the Hall case did not involve a situation where a beer election had been held; but the result would have been the same if the beer traffic had been prohibited in the county, as is shown by Moffett v. Attala County, 181 Miss. 419, 179 So. 352. In the Moffett case, an election had been held to determine whether the transportation, storage, sale, distribution, *possession*, receipt, or manufacture of beer should be permitted. The election was in favor of the exclusion

of beer. There was an appeal from the order of the board of supervisors putting the prohibition into effect, one ground of attack being the inclusion of "possession" in the matters submitted at the election. In holding that the appeal was not well taken, the Court said:

"Neither do we think that the fact that the order of the board and the ballots used in the election submitted to the voters the right also to exclude the possession of wine and beer in the county had the effect of vitiating the election, even though section 2 of chapter 171, Laws 1934, only conferred the right to hold an election for the exclusion of the transportation, storage, sale, distribution, receipt, and manufacture of such beverages. The proposal, as contained in the order of the board and in the ballot, to exclude even the possession of wine and beer in the county, should have had a tendency to increase, rather than diminish, the vote against the exclusion of these beverages, and of which the appellants would not be entitled to complain. At any rate, the order of the board declaring the result of the election and directing the exclusion did not undertake to exclude possession. If it had done so, it would have been ineffective to that extent, since chapter 171, Laws 1934, recognized the right to possess these beverages at any and all events."

We conclude that appellant was not charged with any crime when it was alleged that he possessed beer, without the further allegation that it was of an alcoholic content in excess of four per centum. This holding is not in conflict with City of Amory v. Yielding, 203 Miss. 265, 34 So. 2d 726, and State v. Sisk, 209 Miss. 174, 46 So. 2d 191. In each of these cases where the charge was possession of beer, there had been an acquittal, and the city in the first case and the state in the second, appealed. In each instance, there was an affirmance, and the case involved matters foreign to the case now at bar.

Reversed and appellant discharged.

336

*McGchee, C. J.,* and *Hall, Holmes,* and *Arrington, JJ.,* concur.