MILLS *v.* STATE.

Dec. 7, 1953

No. 38903 45 Adv. S. 62 68 So. 2d 278

*Boydstun & Boydstun,* Louisville, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

It is charged in an amended affidavit herein that on June 30, 1952, the appellant Lester Mills did willfully and unlawfully have in his possession in Justice of the Peace District No. 5 in Panola County a quantity of

"untaxed malt liquor, to-wit beer, in violation of Section 10233 of the Mississippi Code of 1942." The original affidavit was of the same import except that it did not specify the statute violated.

The amendment was made upon the motion of the defendant to require the State to elect and declare on what statute it would proceed. Counsel for defendant stated into the record that the amendment was made "by agreement of counsel for the State and for the defendant." Therefore the accused was entitled to rely upon the fact that he was being charged with the violation of the specific statute hereinbefore mentioned, and he could not be convicted of the charge made in the affidavit upon proof that he may have violated some other statute under the evidence introduced upon the trial.

Section 10233, supra, deals with the subject matter of breweries and provides, among other things, that: "If any manufacturer of any such beverage or beverages shall fail or refuse to comply with the requirements of . . . it shall be unlawful for any wholesaler, distributor or retailer of beverages . . . to have in his possession any wine or beer manufactured or sold by such manufacturer, of whatever kind or description and all such beverages as may be found in the possession of any person who deals in or transports or otherwise handles any such beverages are hereby declared to be contraband and may be seized and sold . . ."

Section 10235, Code of 1942, provides a penalty for the violation of any of the provisions of the statutes regulating the sale and distribution of light wines and beer by breweries, through wholesalers, distributors or retailers. And Section 10237, Code of 1942, defines the word "retailer" as being "Any person who comes into the possession of such light wines or beer for the purpose of selling it to the consumer, or giving it away, or exposing it where it may be taken or purchased or acquired in any other manner by the consumer."

This prosecution, under Section 10233 is for having in possession in this State, within the jurisdiction stated in the affidavit, a quantity of beer consisting of 140 cases, on each bottle of which no stamp had been affixed of the denomination and design prescribed by the Chairman of the State Tax Commission, as provided for by Section 10232, Code of 1942, showing that the state tax had been paid; and for the failure to have paid such tax. Therefore the question of whether or not an election had been held in Panola County to exclude the sale, transportation and distribution of beer is wholly immaterial.

Upon the trial of this cause, it was shown that the appellant at the time charged in the amended affidavit was driving south on U. S. Highway No. 51 in Panola County about midnight and was arrested by a highway patrolman for speeding, and it appears that he was released on his own recognizance and given a summons to come to court to answer that charge. Thereupon, the highway patrolman asked the accused what he was hauling, and his reply was that he was hauling beer. The patrolman promptly notified the sheriff of the county and was deputized by the sheriff to again detain the accused until the sheriff could arrive at the scene. The officer did arrive within about two minutes after the patrolman took the accused in custody, and was able to ascertain that his cattle-body truck was loaded with cases of beer, before the sheriff ever touched the truck or examined its contents.

At any rate, if the sheriff had been reliably informed that the beer did not have the tax stamps affixed thereto, he had probable cause for searching the truck and seizing the beer without a search warrant on the basis of the information furnished him by the highway patrolman.

Some of the beer was introduced in evidence, and it was testified to by a representative of the Mississippi State Tax Commission, who examined some of the bottles of beer in the courtroom, that the required stamp

had not been affixed, showing the payment of the tax, the witness having testified that if the tax had been paid that the fact would be shown "in stencil lettering, Mississippi Tax Paid, Four Cents' on each can" or on the crown of each bottle of beer, and that the seal of the State of Mississippi would have been affixed.

It is undisputed that the accused told the sheriff that he was carrying the beer "to Louisville, or somewhere near Louisville for some kind of a picnic on July 4th;" and that he said he "got it from D. Canale & Company of Memphis."

Section 10246, Code of 1942, makes it "unlawful for any retailer to have in his possession for the purpose of sale, light wines or beer, which were not purchased or acquired from a licensed wholesaler or distributor in this State who has had issued to him a permit to engage in the business of manufacturer, wholesaler or distributor of light wines and beer," and this statute also makes it unlawful for any retailer to have in his possession for the purpose of sale, etc. any light wines or beer to which the tax stamps have not been properly affixed.

Section 10247, Code of 1942, provides, among other things, that it shall be unlawful for any person to transport from any point outside of this State to any point within this State any light wines or beer except for delivery to a licensed wholesaler or distributor in this State, and except by common carrier.

Section 10251, Code of 1942, provides, among other things, that it shall be unlawful for any retailer to sell or offer for sale, or to have in his possession for a longer period than twenty-four hours for the purpose of sale, any light wines or beer to which the stamps required by the provisions of the chapter on wine and beer have not been properly affixed; and this section provides the penalty for a violation thereof.

██ ██ We are of the opinion that the proof in the case was sufficient to warrant the jury in believing that the accused had in his possession in Justice of the Peace Dis-

trict No. 5 of Panola County the 140 cases of beer on which the tax had not been paid nor the stamps affixed, and that he intended to carry the same to the Fourth of July picnic, and not of course for his own personal consumption, but we are of the further opinion that under the testimony on behalf of the State, if found to be true, the accused may have been convicted of a violation of Sections 10246, 10247, 10250 or 10251, supra, whichever may be deemed most applicable by the State where the tax has not been paid and the stamps affixed within twenty-four hours after the receipt of the beer by the retailer.

We have concluded to reverse the cause for the reason that we do not think that the case made by the prosecution comes within Section 10233, Code of 1942, as charged in the affidavit, and to remand the same for such further proceedings as may be desired not inconsistent with the views herein expressed.

We assume that it is unnecessary to discuss the testimony on the question of venue for the reason that venue can be more clearly established in the event the case should be retried.

Reversed and remanded.

*Lee, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.