## HAYS *v.* STATE.

Feb. 1, 1954

No. 38990    51 Adv. S. 23    69 So. 2d 845

*W. W. Pierce,* Jackson, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

This is an appeal by Bill Hays from a judgment of the Circuit Court of Simpson County finding him guilty of the unlawful sale of beer.

He assigns and argues that the indictment is fatally defective (1) for failure to charge that the county had determined that the sale of beer, of an alcoholic content of not more than four per cent by weight, should be excluded from Simpson County, and (2) for failure to charge that the board of supervisors entered an order prohibiting the sale thereof, and (3) it charges no crime known to the law.

Chapter 5, Vol. 7, Code of 1942, contains the statutes with reference to the sale of beer. Section 10207 thereof provides that, "It shall hereafter, *subject to the provisions hereinafter set forth,* be lawful, in this state to transport, store, sell, distribute, possess, receive, and/or manufacture wine and beer of an alcoholic content of not more than four per centum by weight." (Emphasis supplied).

Section 10208 thereof is in part as follows: "Provided, that if any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages, shall not be permitted in such county, then the same shall not be permitted therein."

In other words, by Section 10207, supra, the sale of beer of the kind specified was legalized; but under Section 10208, supra, by a majority vote of the qualified electors of a county, such legalization could be set aside. The Legislature had the power so to provide. Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315.

The indictment omitting the formal parts, charged that Bill Hays "On the 23 day of August, 1952, in Simpson County and State aforesaid and in which said county the sale of beer is illegal as result of legal election called and held as reflected in Minute Book 23, Pages 66 and 101 of the proceedings of the Board of Super-

visors of said County and State, and dated June 7, 1937; did wilfully and unlawfully sell and retail intoxicating liquor, to-wit: 'Beer', against the peace and dignity of the State of Mississippi.''

██ The effect of the charge in the indictment was that the sale of beer in Simpson County is illegal; that the sale thereof was made illegal as a result of a legal election for that purpose; and that pages 66 and 101 of Minute Book 23 of the proceedings of the board of supervisors of the county shows, or reflects, the validity of the election for that purpose. In other words the county determined that the beer traffic should not be permitted therein. Hoyle v. State, 216 Miss. 330, 62 So. 2d 380. It was not requisite that the indictment contain the detailed order for the election, or such order declaring the result and providing that the sale of beer was excluded. It referred to the record where such orders could be found. That was sufficient. On the trial, copies of the orders so showing, were introduced in evidence. Consequently, the argument is not maintainable as to either of the alleged defects.

██ It is further contended that the indictment charges no crime under the law because, it is said, that Chapter 5, Vol. 7, Code of 1942, repealed Section 2613 of that Code insofar as malt liquor, that is, beer, is concerned, and that no penalty is prescribed.

Section 2613, supra, has no application. It was superseded, insofar as beer is concerned, by said Chapter 5, supra. Riley v. State, 212 Miss. 746, 55 So. 2d 447. After a majority of the qualified electors in the election determined that the sale of beer should not be permitted in the county, it then followed that the sale of beer could not be permitted in the county. ██ Hence, a sale thereafter constituted a violation of Section 10208, supra, and was punishable under Section 10226 of the chapter regard-

812

less of whether the alcoholic content was four per cent or less. Walton v. State (Miss.), 68 So. 2d 87.

Consequently this cause is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.