KING *v.* MONAGHAN, CHIEF OF POLICE

No. 40052 March 19, 1956 85 So. 2d 911

*Adams, Long & Adams,* Tupelo, for appellant.

254

*C. B. Hutchison, Sam E. Lumpkin,* Tupelo, for appellee.

Holmes, J.

The appellant brought a replevin action against the appellee to recover the possession of 200 cases of Blue Ribbon beer, 200 cases of Schlitz beer, and 50 cases of Falstaff beer. She alleged in her affidavit and in her declaration that she was the owner of the beer, that it was of the value of $2360.00, that it was being wrongfully detained by the appellee, that it had been wrongfully taken from her possession within thirty days, and that she was legally entitled to the immediate possession thereof. She demanded in her declaration both actual and punitive damages for the alleged wilful and wrongful taking of the beer. She withdrew her demand for punitive damages, and there was no proof of actual damages.

The replevin writ was duly issued and executed by seizing the beer in the appellee's possession and summoning the appellee to answer the suit. By agreement of the parties, neither entered into bond for the beer and it remained, and still remains, in the possession of the officer. The appellee entered a plea of not guilty to the action.

On the trial of the case, the appellant testified that she was the owner of the beer; that she had bought it in

Columbus, Mississippi; that on the night of May 11, 1955, at about 8:30 o'clock, she was transporting the beer into Lee County in a truck driven by her, and was proceeding to take the beer to her father's home, to which she had prepared to move; that she was apprehended by police officers in the City of Tupelo and arrested on a charge of speeding and driving without a driver's license; that the beer was discovered in the truck of the appellant and taken from her by the officers; that she had the beer for her personal use or consumption; that she usually drank four to five cans of beer per day. The proof showed that the 450 cases when counted in cans, comprised 10,800 cans and constituted approximately a six-year's supply for appellant at the rate of her daily consumption of five cans per day.

The appellee's proof showed the arrest of the appellant as testified by her and the seizure of the beer and the quantity thereof. The appellee further introduced testimony, over the objection of the appellant, showing prior raids by officers on the home of the appellant and her husband and the finding there of beer in large quantities on prior occasions, and showing sales of beer at the home of appellant and her husband on prior occasions without identifying such sales as having been made by appellant, and showing the prior issuance to appellant's husband of a retail dealer's license to sell whiskey, beer and wine. It was stipulated by the parties that beer had been excluded from Lee County as the result of an election lawfully held for such purpose.

 █ Under the statutes as written at the time of the seizure of the beer and the institution of this action, it was not unlawful to possess beer having an alcoholic content of not more than four percentum by weight in a county where beer had been excluded by an election as in Lee County, and neither was it unlawful to transport beer into such county for purposes of personal use

or personal consumption. Secs. 10207 and 10208, Code of 1942; Hoyle v. State, 216 Miss. 330, 62 So. 2d 380.

The issue involved was whether the appellant was transporting the beer for her personal use or consumption and therefore lawfully, or whether she was transporting it for purposes other than for personal use or consumption and therefore unlawfully, thus rendering it subject to seizure by the officer.

At the conclusion of the evidence, the appellant moved the court to exclude the evidence for the appellee and direct a verdict for the appellant. This motion was overruled and the case was submitted to the jury, resulting in a verdict for the appellee, and judgment was entered accordingly.

The appellant complains that the trial court erred in not excluding as incompetent the evidence of prior raids at the home of appellant and her husband, and the finding there of beer in large quantities on prior occasions, and the evidence of prior sales of beer not shown to have been made by the appellant, and the evidence of the issuance to appellant's husband of a retail dealer's license, and further erred in not sustaining the appellant's motion to direct a verdict for the appellant.

██ ██ We think that the evidence complained of as being incompetent was inadmissible and should have been excluded. Lowe v. State, 127 Miss. 340, 90 So. 78. Nevertheless, we are of the opinion that the trial court committed no error in refusing to direct a verdict for the appellant. The burden of proof was upon the appellant to establish her right to the immediate possession of the beer by a preponderance of the credible evidence. In order to meet this burden, the appellant relied solely upon her own uncorroborated testimony that she bought the beer and was the owner thereof; that it was of the value of $2360.00; that in quantity it consisted of 450 cases, or 10,800 cans, in assorted brands

of Blue Ribbon, Schlitz and Falstaff; that she customarily drank from four to five cans a day, and that she was transporting it for her personal use and consumption. Thus her testimony shows that at the rate of her daily consumption, she had a supply of beer sufficient to last her approximately six years in the future. The testimony that she was transporting the beer for purposes of her personal use and consumption is so wholly unreasonable as to be utterly incredible. It was the duty of the jury to consider the whole of the evidence and all reasonable inferences to be deduced therefrom, and when so considered, the jury was wholly justified in rejecting this testimony as untrue. This the jury manifestly did, as indicated by its verdict. We can not conceive that the jury could have logically rendered any other verdict, even excluding from consideration the claimed incompetent evidence, unless the jury had concluded, which is highly improbable, that the appellant was an extremely provident person who was anticipating a tremendous drouth in the beer market and was protecting her inordinate thirst for the invigorating beverage for six years to come.

We think that the verdict of the jury was not affected by the claimed incompetent evidence, and that, therefore, the admission of such evidence constitutes no reversible error.

In view of the finding of the jury, which we think was fully warranted, we are of the opinion that the appellant's evidence was insufficient to meet the burden of proof resting upon her, and that the judgment of the court below should be and it is affirmed.

Affirmed.

*Roberds, P.J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.