RUSSELL *v.* STATE

No. 40485 May 6, 1957 94 So. 2d 916

*W. M. Broome,* Crystal Springs, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for ap-
lellee.

ETHRIDGE, J.

Appellant Tommie Russell was convicted in the Circuit Court of Copiah County of the unlawful possession of beer in a county which by a local option election had theretofore prohibited the transportation, storage, sale, distribution, receipt and/or manufacture of same, in alleged violation of Miss. Laws 1956, Chapter 252. The question is whether the 1956 Act applies to counties which by a local option election held prior to the 1956 Act have prohibited the transportation, etc. of beer, but not its possession for personal consumption, and which have not had an election under the 1956 Act. We think not, so appellant's conviction must be reversed.

The facts were stipulated by counsel for the State and defendant, and are brief. However, before stating them, a review of the statutes involved will clarify the issue in this case. And two basic rules of interpretation should first be noted:

(1) The intention of the Legislature is to be ascertained primarily from the language used in the statute. (2) It is not the function of the Court to determine and announce what in its judgment the statute should provide, but to ascertain what it does provide. 82 C. J. S., Statutes, Section 322 (b), pp. 571-577.

By Chapter 171 of the Laws of 1934, the Legislature made lawful the transportation, storage, sale, distribution, possession, receipt and/or manufacture of light wines and beer, but provided a system of local option by which individual counties could prohibit such traffic, except as to the possession of beer for personal consumption. In 1942, this act was amended only as to Section 2, hereinafter referred to. Miss. Laws 1942, Chapter 224. Otherwise it continued in substantially the same terms into Miss. Code 1942, Sections 10207-10229. The amendment with which we are concerned was made by Chapter 252, Laws of 1956, but analysis of this amendment

requires first a brief consideration of the prior statutes.

Code Section 10207 makes it ''lawful in this state to transport, store, sell, distribute, possess, receive and/or manufacture wine and beer of an alcoholic content of not more than four per centum by weight.''

Section 10208, prior to the 1956 amendment, provided: ''Provided, that if any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages, shall not be permitted in such county, then the same shall not be permitted therein. Provided, however, that nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption. Provided, further that an election to determine whether such transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per centum (20%) of the duly qualified voters of such county, be ordered by the board of supervisors thereof, for such county only; but no election on the question shall be held in any one county oftener than once in five years, provided, however, that in counties which have elected or may elect by a majority vote of the duly qualified electors voting in the election that the transportation, storage, sale, distribution, receipt or manufacture of wine or beer of an alcoholic content of not more than four per centum by weight shall not be permitted in said county that an election may be held in the same manner as the election hereinabove provided on the question of whether or not the said transportation, storage, sale, distribution, receipt or manufacture of said beverages and shall be ordered by the board of supervisors of such

county on a petition of twenty per cent (20%) of the duly qualified electors of such county; but no election on this question can be ordered more often than once in five years."

The act further provides that any city with a population of not less than 2,500 may by local option either prohibit or permit the sale, receipt, etc. of beer, and provides for the calling of an election on a petition by twenty percent of the duly qualified voters of the city. Section 10208.5. Sections 10212 through 10223 establish a licensing system for persons brewing, manufacturing or selling beer or light wines, administred by the Chairman of the State Tax Commission. Municipalities and counties may enforce zoning regulations with reference to this business. Section 10224.

Prior to the 1956 amendment of Section 10208, quoted above, this Act has been interpreted and applied in a number of decisions. Its validity, including the local option system, has been upheld. Martin v. Winston County, 181 Miss. 363, 387, 178 So. 315 (1937).

In City of Amory v. Yielding, 203 Miss. 265, 34 So. 2d 726 (1948), defendant was charged with having beer in his possession in the city limits. The trial court sustained a demurrer to the affidavit, and on appeal this was affirmed. It was held that Code Section 10207 made it lawful to possess beer of less than four per centum by weight for personal consumption. Hence even if the county excluded by election sales, etc. of beer, still no city ordinance could be passed contrary to the provision in Section 10208, which would make illegal possession of beer for personal consumption.

In Hoyle v. State, 216 Miss. 330, 62 So. 2d 380 (1953), the indictment charged that a valid election in Itawamba County had excluded the transportation, sale, etc., of beer, and that defendant unlawfully had beer in his possession. Defendant's demurrer was overruled, and he was convicted. On appeal, the case was reversed and

appellant discharged. It was held that the 1934 Act made lawful the possession of beer for personal consumption, and that the Legislature, having legalized possession, did not empower counties to forbid possession when it authorized them, by local option, to prohibit the sale, etc., without mentioning possession.

In Moffett v. Attala County, 181 Miss. 419, 179 So. 352 (1938), an election was held to determine whether the transportation, "possession", etc., of beer should be permitted. It was excluded. However, the order of the board of supervisors declaring results of the election did not undertake to exclude possession. It was held that the election prohibited only what the statute authorized and not possession. The fact that the proposal as voted on contained the word "possession" should have had "a tendency to increase, rather than diminish, the vote against the exclusion of these beverages." See also Mills v. State, 219 Miss. 194, 68 So. 2d 278 (1953); Hays v. State, 219 Miss. 808, 69 So. 2d 845 (1954); King v. Monaghan, Chief of Police, 85 So. 2d 911 (Miss. 1956).

Chapter 252, Miss. Laws of 1956, provides:

"Section 1. Section 10208, Mississippi Code of 1942, be and the same is hereby amended to read as follows:

"10208. (a) Provided, that if any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages, shall not be permitted in such county then the same shall not be permitted therein. Provided further, that an election to determine whether such transportation, storage, sale, distribution, receipt and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per cent (20%) of the duly qualified

electors of such county, be ordered by the board of supervisors thereof, for such county only; but no election on the question shall be held in any one county more often than once in five (5) years; provided, however, that in counties which have elected, or may elect by a majority vote of the duly qualified electors voting in the election, that the transportation, storage, sale, distribution, receipt and/or manufacture of wine or beer of an alcoholic content of not more than four per cent (4%) by weight shall not be permitted in said county, an election may be held in the same manner as the election hereinabove provided on the question of whether or not said transportation, storage, sale, distribution, receipt and/or manufacture of said beverages shall be permitted in such county, and such election shall be ordered by the board of supervisors of such county on a petition of twenty per cent (20%) of the duly qualified electors of such county; but no election on this question can be ordered more often than once in five (5) years.

"(b) In any county which under the provisions of subsection (a) hereof has elected to prohibit the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages in such county, any person found possessing any beer or wine of any quantity whatsoever shall, on conviction, be imprisoned not more than ninety (90) days or fined not more than five hundred dollars ($500.00) or both such fine and imprisonment."

Appellant Russell was convicted under the above-quoted Chapter 252, particularly subsection (b). In 1937 a local option election was held in Copiah County under Section 2 of Chapter 171, Laws of 1934. The result of that election was to prohibit in Copiah County the transportation, storage, sale, distribution, receipt and/or manufacture of beer and light wine. That election was valid, no election has been held subsequently, and its result is now in full force and effect in Copiah County. On August 5, 1956, defendant Russell purchased two

cans of beer in Hinds County for his own personal consumption. The beer was less than the maximum alcoholic content permitted under Chapter 171, Laws of 1934, and the sale of beer is legal in Hinds County. Russell carried these two cans of beer into Copiah County for his personal consumption. On August 5 he was arrested by a constable of that county and charged with the unlawful possession of beer in violation of Chapter 252, Laws of 1956. He was convicted of that offense in a justice of the peace court of Copiah County, and appealed to the circuit court. There the State amended the affidavit, and defendant filed a motion to quash the affidavit and a demurrer to it. Counsel for the State and defendant stipulated in the circuit court that these pleadings ''put in issue all questions pertaining to the validity of the crime charged . . .'' The court overruled the motion to quash the affidavit and the demurrer. Defendant pleaded not guilty, and waived trial by jury. The final judgment found defendant guilty as charged, and sentenced him to pay a fine of $25 and court costs. From that judgment this appeal was taken.

Code Section 10208, quoted above, is in the same terms as subsection (a) of Chapter 252, Laws of 1956, except that the later act omits the following important part of Section 10208: ''Provided, however, that nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption.'' In other words, in a local option election under Chapter 252, Laws of 1956, the provision in the old act authorizing possession of beer for personal consumption in counties excluding the transportation, storage, sale, etc. of beer, is not one of the issues voted upon by the electors. The omission in the 1956 Act of the provision authorizing possession for personal consumption constitutes a substantial difference from the former statute, which might or might not affect the result of

a local option election. So an election under Chapter 252, Laws of 1956, involves an additional and substantially different issue than an election under the 1934 Act, as amended in 1942, and placed in the Code of 1942 as Section 10208.

With that fact in mind, consider subsection (b) of the 1956 Act. It provides: "In any county *which under the provisions of subsection* (a) *hereof* has elected to prohibit the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages in such county, any person found possessing any beer or wine of any quantity whatsoever shall, on conviction, be imprisoned" or fined, or both, as stated. (Emphasis added). Subsection (b) expressly states that in any county "which under the provisions of subsection (a) hereof" has elected to prohibit transportation, etc., the possession of beer is illegal. There has been no election in Copiah County under the provisions of subsection (a) of the 1956 Act. The Copiah County local option election was held in 1937. At that time the people voted on whether to prohibit the transportation, etc. of beer in that county, but not the possession of beer for personal consumption.

In addition, the election under the 1934 Act, Chapter 171, involved Section 2 of the statute which provided that "no election on the question shall be held in any one county oftener than once in two years." In 1942 this was changed to "once in five years." Miss. Laws 1942, Chapter 224. Also, the 1937 Copiah County election under the 1934 Act did not involve the proviso inserted in Laws of 1942, Chapter 224, that counties which have voted to prohibit the transportation, etc. of wine and beer may again vote after five years on whether or not transportation, etc. shall be permitted.

On the other hand, an election under Chapter 252, Laws of 1956, to prohibit the transportation, etc. of beer also prohibits its possession for personal con-

sumption under subsection (b). Subsection (b) of the 1956 Act clearly states that it applies only to a county "which under the provisions of subsection (a) hereof" has elected to exclude the transportation, etc. of beer. Copiah County has never held any election under subsection (a) of Chapter 252, Laws of 1956. The possession of beer under the express terms of subsection (b) is made illegal only in counties which have held an election "under the provisions of subsection (a) hereof", and which provides for a local option election prohibiting the transportation, etc. of beer, and prohibiting possession for personal consumption. Hence under the clear and unequivocal terms of subsection (b) of the 1956 Act, the possession of beer in the State, within the prescribed alcoholic content and for personal consumption, is illegal only in counties which have held an election under the provisions of subsection (a) of the 1956 Act. Copiah County has held no local option election under the 1956 Act, and therefore subsection (b), Chapter 252, Laws of 1956, does not apply or render unlawful the possession of beer for personal consumption in Copiah County.

██ █ The use of the phrase "has elected" in subsection (b) does not affect this conclusion, since it pertains to an election which is first held under subsection (a) of the 1956 Act. The title to the 1956 Act states that it is an act to amend Code Section 10208 to prohibit the possession of wine or beer in any county in which the transportation, etc. "is unlawful." Although it is suggested that this indicates a legislative intent to apply the act retroactively to counties which have in the past prohibited these beverages by local option elections, this circumstance disappears as an element of interpretation when the express terms of subsection (b) are considered. ██ █ Where the body of a statute is free from ambiguity, the meaning expressed therein must be given effect, without resort to the title. The title can-

not add to or extend the operation of the act. 82 C. J. S., Statutes, Section 350.

In the interpretation of a statute such as this, the Court is exercising a judicial function, under established rules of interpretation. The basic approach is well stated in 82 C. J. S., Statutes, Section 322, pp. 571-577 : ''The intention of the legislature is to be ascertained primarily from the language used in the statute, irrespective of the fact that the phraseology of the statute may be awkward, slovenly, or inartificial. Accordingly, the meaning of statutes is to be sought and ascertained from their language. The court must impartially and without bias review the written words of the act, being aided in their interpretation by the canons of construction. The intention is to be taken or presumed according to what is consonant to reason and good discretion. Courts should not attribute to the legislature the enactment of a statute devoid of purpose, but cannot attribute to the legislature an intent which is not in any way expressed in the statute. It is not the function of the court to determine and announce what, in its judgment, the statute should provide, but to ascertain, if there be ambiguity in its terms, what it does provide.''

In other words, the only mode of which the will of the Legislature is spoken is in the statute itself. Legislative intent is manifested in the statute, and must be determined primarily from its language. 50 Am. Jur., Statutes, Section 227.

Moreover, the act in question is a penal statute, creating a crime. 82 C. J. S., Statutes, Section 389, summarizes the rule in such cases as follows: '' . . . it is a fundamental rule in the construction of statutes that penal statutes must be construed strictly, or, as it is otherwise stated, strictly construed against the state, or strictly construed in favor of the persons sought to be subjected to their operations, or construed strictly against the prosecution and in favor of the person ac-

cused. The rule of strict construction means that such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive. . . . In order that a transaction may be within a penal statute it must be clearly within both the spirit and the letter of the statute; and, if there is a fair doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the person against whom enforcement of the statute is sought." To the same effect are 50 Am. Jur., Statutes, Sections 407, 413, and innumerable Mississippi cases, including State v. Lee, 196 Miss. 311, 17 So. 2d 277 (1944).

 In brief, interpreting this Act according to its express terms, and in the light of the principle that penal statutes must be strictly construed, we hold that subsection (b) of Chapter 252, Laws of 1956, prohibits the possession of beer and wine in dry counties which have held local option elections "under the provisions of subsection (a) hereof", of the 1956 Act; that Copiah County has not held any election under the 1956 Act, which was materially different from the prior statute, in that it deleted the old provision permitting possession of beer for personal consumption; and that therefore appellant's conviction was erroneous and must be reversed.

It should be noted that we are not dealing here with a statute in which the Legislature has made unlawful the possession of beer in counties which have heretofore prohibited, or may hereafter prohibit by local option the transportation, etc. of such beverage. Cf. Anno., 21 Ann. Cas. 663 (1911); Fitch v. State, 58 Texas Crim. App. 366,

127 S. W. 1040 (1910); 48 C. J. S., Intoxicating Liquors, Section 59; 33 C. J., Intoxicating Liquors, Section 258; 30 Am. Jur., Intoxicating Liquors, Section 190. The statute involved in this case in express terms prohibits possession of beer only in counties which have held elections under the provisions of subsection (a) of the 1956 Act. And Copiah County is not within that requirement.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Roberds, Lee* and *Holmes, JJ.,* concur.