**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2022-CA-00119-SCT**

*MATTHEW WALLACE*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/2021 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| TRIAL COURT ATTORNEYS: | AISHA ARLENE SANDERS |
| | EVERETT T. SANDERS |
| | SARA J. HEMPHILL |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AISHA ARLENE SANDERS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ASHLEY LAUREN SULSER |
| | SARA J. HEMPHILL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/04/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    The Centreville Police Department hired, and then for reasons outlined below, sought

to arrest Matthew Wallace.  The instant case came before the Circuit Court of Amite County

originally on September 29, 2021, for a probable cause hearing pursuant to Mississippi Code

Section 99-3-28 following an altercation between Matthew Wallace and a minor.  Before the

hearing, the State petitioned the circuit court to determine whether Wallace was entitled to

a probable cause hearing, alleging Wallace was not a sworn law enforcement officer.  At the

hearing, the circuit determined that Wallace was not a sworn law enforcement officer and,

therefore, was not entitled to a probable cause hearing. On October 8, 2021, Wallace motioned the circuit court for a probable cause hearing for the same underlying incident. The circuit court denied the motion, finding, again, that Wallace was not a sworn law enforcement officer and, therefore, was not entitled to a probable cause hearing under Section 99-3-28. Wallace appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 7, 2020, Matthew Wallace was hired by the Centreville Police Department, located in the Town of Centreville, Mississippi.

¶3. On September 18, 2021, Wallace was dispatched, along with Town of Centreville certified police officer Edward Arbuthnot, to a scene involving multiple juveniles riding all-terrain vehicles in the town limits. After Wallace and Arbuthnot arrived at the scene, an altercation occurred, the facts of which are not clear from the record. At some point during the altercation, Wallace went to the patrol unit to retrieve the police-issued pepper spray. Upon returning to the scene, Wallace released the pepper spray.

¶4. Sometime following the incident, one of the juveniles and his mother filed charges with the Amite County Justice Court against Wallace for simple assault on a minor.

¶5. On September 29, 2021, a probable cause hearing was set for Wallace in the Amite County Circuit Court pursuant to Mississippi Code Section 99-3-28(1)(a)(i). Prior to the hearing, the State asked the court to make a determination as to whether Wallace was entitled to a probable cause hearing.

¶6. At the hearing on the State's motion, Wallace was questioned about his tenure with the Centreville Police Department. During questioning, Wallace told the court: (1) that he had worked for the Centreville Police Department for more than eighteen months, (2) that he did not graduate from the law enforcement academy at Southern Regional Public Safety Institute, and (3) that he was not a certified law enforcement officer.

¶7. Based on the responses, the circuit court determined that Wallace was not eligible for a probable cause hearing under Section 99-3-28(1)(a)(i). The circuit court concluded that Wallace was not a law enforcement officer under Mississippi Code Section 45-6-3 because Wallace had not completed his certification.

¶8. On October 8, 2021, Wallace submitted a Motion for a Probable Cause Hearing pursuant to Mississippi Code Section 99-3-28(1)(a)(i) to the circuit court for the same underlying incident. In his motion, Wallace asserted he was entitled such a hearing because:

(1) he is a law enforcement officer with the Centreville Police Department; and

(2) the charges filed against him are the result of actions taken during the scope and course of employment as an officer.

¶9. On October 12, 2021, the State filed a Response to Motion for a Probable Cause Hearing with the circuit court, in which the State argued that, by Wallace's own admission, he is not a law enforcement officer under the meaning of Section 45-6-3 because he has been employed by the Town of Centreville for eighteen months and because he has not completed his certification.

3

¶10. On October 13, 2021, the matter was set to be heard in the Amite County Justice Court. During the hearing, Wallace filed a motion asking for a probable cause hearing pursuant to Section 99-3-28(1)(a)(i). At that time, the justice court ordered the proceedings be stayed until the motion for a probable cause hearing could be heard before the circuit court.

¶11. On November 3, 2021, a hearing on Wallace's motion was held in the circuit court. Again, the State argued that Wallace was not entitled to a probable cause hearing because he was not a certified law enforcement officer at the time of the incident.

¶12. On November 10, 2021, the circuit court issued an "Order Denying Probable Cause Hearing." The court found that "[t]he evidence before the court clearly shows that Mr. Wallace is not a 'sworn law enforcement officer vested with authority" . . . to bear arms and make arrests" under Section 99-3-28. Though Section 99-3-28 references only Section 45-6-3's definition of a law enforcement officer, the trial judge based her opinion, in part, on Mississippi Code Sections 45-6-11(3)(a) and -17(1). Section 45-6-11(3) requires individuals employed as law enforcement officers to be certified.

¶13. Wallace timely appealed the circuit court's ruling. On appeal, Wallace argues that the circuit court's ruling is erroneous because: (1) Section 99-3-28(1)(a)(i) does not require that an officer be certified; and (2) Wallace satisfies the definition of law enforcement officer under Section 45-6-3.

## STANDARD OF REVIEW

¶14.    We review issues of statutory construction de novo. ***Smith v. Webster***, 233 So. 3d 242, 247 (Miss. 2017). "In matters concerning statutory construction, '[t]he function of the Court is not to decide what a statute should provide, but to determine what it does provide.'" ***Id.*** (alteration in original) (quoting ***Lawson v. Honeywell Int'l Inc.***, 75 So. 3d 1024, 1027 (Miss. 2011)). "When a statute is unambiguous, [we apply] . . . the plain meaning of its words." ***Id.*** (citing ***Lawson***, 75 So. 3d at 1027).

## DISCUSSION

### I.    Whether Mississippi Code Section 99-3-28(1)(a)(i) requires a law enforcement officer to be certified for the statute to apply.

¶15.    Wallace contends that the trial judge erred by determining that he is not entitled to a probable cause hearing under Mississippi Code Section 99-3-28(1)(a)(i) because Wallace is not a certified law enforcement officer. Wallace argues that Mississippi Code Section 45-6-3(c) defines law enforcement officer under Section 99-3-28(1)(a)(i), and that it does not require that an officer be certified.

Mississippi Code Section 99-3-28(1)(a)(i) provides as follows:

> (1)(a)(i) Except as provided in subsection (2) of this section, before an arrest warrant shall be issued against any teacher who is a licensed public school employee as defined in Section 37-9-1, a certified jail officer as defined in Section 45-4-9, a counselor at an adolescent opportunity program created under Section 43-27-201 et seq., *or a sworn law enforcement officer within this state as defined in Section 45-6-3 for a criminal act*, whether misdemeanor or felony, which is alleged to have occurred while the teacher, jail officer, counselor at an adolescent opportunity program or law enforcement officer was in the performance of official duties, a probable cause hearing shall be held before a circuit court judge. The purpose of the hearing shall be to

determine if adequate probable cause exists for the issuance of a warrant. All parties testifying in these proceedings shall do so under oath. The accused shall have the right to enter an appearance at the hearing, represented by legal counsel at his own expense, to hear the accusations and evidence against him; he may present evidence or testify in his own behalf.

Miss. Code Ann. § 99-3-28(1)(a)(i) (Rev. 2020) (emphasis added).

¶16.    As the above-quoted statute indicates, Wallace is entitled to a probable cause hearing under Section 99-3-28(1)(a)(i) if he is "a sworn law enforcement officer within this state as defined by Section 45-6-3." Section 45-6-3(c) defines "Law enforcement officer":

any person appointed or employed full time by the state or any political subdivision thereof, or by the state military department as provided in Section 33-1-33, *who is duly sworn and vested with authority to bear arms and make arrests*, and whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws of this state and/or the ordinances of any political subdivision thereof.

Miss. Code Ann. § 45-6-3(c) (Supp. 2022) (emphasis added).

¶17.    In determining whether Wallace was "duly sworn and vested with authority to bear arms and make arrests," the trial judge also relied on Mississippi Code Sections 45-6-11(3)(a) and -17(1). Section 45-6-11(3)(a) provides as follows:

No person shall be appointed or employed as a law enforcement officer or a part-time law enforcement officer *unless that person has been certified* as being qualified under the provisions of subsection (4) of this section.

Miss. Code Ann. § 45-6-11(3)(a) (Supp. 2022) (emphasis added). Section 45-6-17(1) provides:

Any full- or part-time law enforcement officer who does not comply with the provisions of this chapter . . . shall not be authorized to exercise the powers of

6

law enforcement officers generally, and particularly *shall not be authorized* to exercise the power of arrest.

Miss. Code Ann. § 45-6-17(1) (Rev. 2015) (emphasis added). Because Wallace was not certified as Section 45-6-11(3)(1) requires, the trial court determined that Wallace was "not a sworn law enforcement officer vested with authority."

¶18. Wallace argues that the trial judge's reference to Section 45-6-11(3)(a) as authority for who qualifies as a law enforcement officer was erroneous because Sections 99-3-28 and 45-6-3(c) are clear and unambiguous as to who qualifies as a law enforcement officer and what statutes govern that definition. Wallace argues, therefore, that Section 45-6-11(3)(a) cannot control Section 99-3-28. In so arguing, Wallace relies on the following excerpt from *Lawson*, 75 So. 3d at 1027 (Miss. 2011):

> The function of the Court is not to decide what a statute should provide, but to determine what it does provide. *Russell v. State*, 231 Miss. 176, 94 So. 2d 916, 917 (1957). The Court must not broaden or restrict a legislative act. *Barbour v. State ex rel. Hood*, 974 So. 2d 232,240 (Miss. 2008) (quoting *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 156 (Miss. 2006)). The Court's goal is to give effect to the intent of the Legislature. *City of Natchez, Miss. v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992). To determine legislative intent, the Court first looks to the language of the statute. *Pinkton v. State*, 481 So.2d 306, 309 (Miss. 1985). If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction. *Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980); *see also Gilmer v. State*, 955 So. 2d 829, 833 (Miss. 2007).

¶19. Indeed, it is the duty of the Court to apply the plain meaning of a statute and to refrain from enlarging or restricting a statute when the meaning of the statute is clear. *Gilmer v. State*, 955 So. 2d 829, 833 (Miss. 2007). However, it is an equally well-settled rule of statutory construction that advises that statutes dealing with the same subject matter should

7

be construed to give harmony to each. ***Roberts v. Miss. Republican Party State Exec. Comm.***, 465 So. 2d 1050, 1052 (Miss. 1985). "[I]n construing statutes in pari materia, . . . all of the relevant statutes must be taken into consideration, and a determination of legislative intent must be made from the statutes as a whole." ***Martin v. State***, 501 So. 2d 1124, 1127 (Miss. 1987) (citing ***Allgood v. Bradford***, 473 So. 2d 402, 411 (Miss. 1985)). In ***Choctaw County v. Tennison***, 134 So. 900, 901 (Miss. 1931), the Court stated,

> It is a familiar rule of statutory construction that, when several different sections of a Code deal with the same subject-matter, these sections are to be so interpreted that they shall harmonize not only with each other, so that each shall stand with as full effect as possible consistently with the other related sections, but that they shall each be made to fit into the general and dominant policy of the particular system of which they are a part.

¶20. Applying the above principles, we must read Sections 99-3-28(1)(a)(i) and 45-6-3(c) together with Sections 45-6-11(3)(a) and 45-6-17(1). Though Section 45-6-3's definition of a law enforcement officer does not distinguish between certified and noncertified officers, the Court is not free to simply ignore other relevant statutes. As the State asserts in its brief, Section 45-6-11(3)(a) merely clarifies what it involves for someone to be "duly sworn and vested with authority to bear arms and make arrests." Section 45-6-11(3)(a) does not conflict with or supersede Sections 99-3-28(1)(a)(i) and 45-6-3(c). The statutes unquestionably pertain to the same subject matter and must be read together.

¶21. Likewise, Section 45-6-17(1) mandates that any law enforcement officer who does not comply with the provisions of Title 45, Chapter 6, of the Mississippi Code "shall not be authorized to exercise the powers of law enforcement generally," particularly the power to arrest. Without such power, it would be impossible to satisfy the statutory definition of law

8

enforcement officer under Section 45-6-3(c). As such, Section 45-6-17(1) also pertains to the same subject matter as Sections 99-3-28(1)(a)(i) and 45-6-3(c) and, therefore, must be considered when determining whether a law enforcement officer is "duly sworn and vested with authority to bear arms and make arrests[.]" Miss. Code Ann. § 45-6-3(c).

¶22. Furthermore, and more importantly, "[a] basic tenet of statutory construction is that 'shall' is mandatory and 'may' is discretionary." *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 854 (Miss. 2012) (quoting *Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 115 (Miss. 2003)). Thus, "[t]he Legislature's statutory use of the term 'shall' connotes a mandatory requirement." *Tallahatchie Gen'l Hosp. v. Howe*, 49 So. 3d 86, 92 (Miss. 2010). In the instant case, Section 45-6-11(3)(a) expressly states that "[n]o person shall be appointed or employed as a law enforcement officer . . . *unless that person has been certified*[.]" Miss. Code Ann. § 45-6-11(3)(a) (emphasis added). Based on the plain language of the statute, it is clear that certification is a necessary condition precedent to becoming a law enforcement officer.

¶23. For the foregoing reasons, we hold that the circuit court did not err by considering Mississippi Code Sections 45-6-11(3)(a) and -17(1) to determine whether Wallace qualified as a "sworn law enforcement officer within this state" as required by Section 99-3-28(1)(a)(i). We also hold that a law enforcement officer who is not certified under Section 45-6-11(3)(a) does not satisfy the statutory definition of law enforcement officer under Section 45-6-3(c) and, thus, is not entitled to a probable cause hearing.

## II. Whether Wallace is a "sworn law enforcement officer within the state" as defined by Mississippi Code Section 45-6-3(c).

¶24. Wallace further contends that: (1) though he is not certified, he was always accompanied by a certified law enforcement officer, which allowed him the authority to bear arms and make arrests; and (2) he was hired at a rate of $11/hour, and his time fluctuated with his meeting the monthly benchmark of $2,050 a month. *See* Miss. Code Ann. § 45-6-3(c) (Supp. 2022). Based on the facts, Wallace argues that he does, in fact, satisfy the definition of a law enforcement officer under Section 45-6-3(c), and is thus entitled to a probable cause hearing.

¶25. Again,

> "Law enforcement officer" means any person appointed or employed full time by the state or any political subdivision thereof, or by the state military department as provided in Section 33-1-33, *who is duly sworn and vested with authority to bear arms and make arrests*, and whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws of this state and/or the ordinances of any political subdivision thereof.

Miss. Code Ann. § 45-6-3(c). In the present case, it is undisputed that Wallace is employed full time by the Town of Centreville at the Centreville Police Department. The issue here is whether Wallace "is duly sworn and vested with authority to bear arms and make arrests." *Id.*

¶26. As discussed above, an officer does not satisfy the definition if they do not also satisfy the mandate of Section 45-6-11(3)(a), which requires law enforcement officers to be "certified as being qualified under the provisions of subsection (4) of this section." Miss. Code Ann. § 45-6-11(3)(a).

> In addition to the requirements of subsections (3), (7) and (8) of this section, the board, by rules and regulations consistent with other provisions of law,

10

shall fix other qualifications for the employment of law enforcement officers, including minimum age, education, physical and mental standards, citizenship, good moral character, experience and such other matters as relate to the competence and reliability of persons to assume and discharge the responsibilities of law enforcement officers, and the board shall prescribe the means for presenting evidence of fulfillment of the requirements.

Miss. Code Ann. § 45-6-11(4) (Supp. 2022).

¶27. The language of Section 45-6-11(4) mandates that the Board on Law Enforcement Officer Standards and Training promulgate rules and regulations that fix other qualifications for the employment of law enforcement. A law enforcement officer is not eligible for certification unless such qualifications have been met.

¶28. The rules and regulations promulgated by the Board pursuant to Section 45-6-11(4) are codified in Title 31, Subtitle 1, Chapters 1-15 of the Code of Mississippi Rules. 31 Miss. Admin. Code Subtitle 1, Pt. 301, R 1.1 - 15.3, Westlaw (amended Nov. 3, 2021). According to the rules,

> **Certified** - Shall mean the Board has acknowledged that all requirements mandated by this policy and the Law Enforcement Officers Training Program have been achieved and that a certificate has been issued as documentation of the same.

31 Miss. Admin. Code Subtitle 1, Pt. 301, R 1.1(6), Westlaw (amended Nov. 3, 2021).

¶29. In the present case, Wallace has admitted and maintained that he is not certified under Mississippi Code Section 45-6-11(3)(1). When questioned by the trial court regarding his employment with the Centreville Police Department, Wallace stated that he did not graduate from the law enforcement academy at Southern Regional Public Safety Institute and that he was not a certified law enforcement officer. In his brief, Wallace states,

11

Because he was not certified, Officer Wallace was always accompanied with a certified officer, allowing him the authority to bear arms and make arrests. This requirement would remain until Officer Wallace completed the police academy.

¶30. As the trial court noted, Wallace also did not complete all selection and training requirements in the time and in the manner established by the Board, nor did he graduate from an approved law enforcement training academy. Consequently, there is no dispute that Wallace is not certified and has, therefore, failed to satisfy the mandate of Section 45-6-11(3)(a).

> Any full- or part-time law enforcement officer who does *not comply* with the provisions of this chapter . . . shall not be authorized to exercise the powers of law enforcement officers generally, and particularly *shall not be authorized* to exercise the power of arrest.

Miss. Code Ann. 45-6-17(1) (emphasis added). As the plain language of Section 45-6-17(1) clearly dictates, Wallace's failure to comply with Section 45-6-11(3)(a) results in his not being authorized to exercise the powers of law enforcement officers generally, especially the power of arrest. Without them, he is without the necessary "authority to bear arms and make arrests." Miss. Code Ann. § 45-6-3(c). Because Wallace was and remains noncompliant with the mandates of Sections 45-6-11(3)(a) and -17(1), Wallace cannot be considered a law enforcement officer as defined by Section 45-6-3(c).

¶31. Wallace further contends that, because he was always accompanied by a certified officer, including at the time of the incident, he was allowed the authority to bear arms and make arrests, thereby satisfying the statutory definition of a law enforcement officer. In so arguing, Wallace is likely attempting to show that he satisfies the definition of a law

enforcement trainee, which is also defined in Section 45-6-3. Section 45-6-3(e) provides as follows:

 (e)  "Law enforcement trainee" shall mean any person appointed or employed in a full-time, part-time, reserve or auxiliary capacity by the state or any political subdivision thereof for the purposes of completing all the selection and training requirements established by the board to become a law enforcement officer or a part-time law enforcement officer. The term "law enforcement trainee" also includes any employee of the Department of Public Safety so designated by the Commissioner of Public Safety. Individuals under this paragraph shall not have the authority to use force, bear arms, make arrests or exercise any of the powers of a peace officer unless:

(i)     The trainee is under the direct control and supervision of a law enforcement officer;

(ii)    The trainee was previously certified under this chapter; or

(iii)   The trainee is a certified law enforcement officer in a reciprocating state.

Miss. Code Ann. § 45-6-3(e) (Supp. 2022).

¶32.   As the statute indicates, a law enforcement trainee has the authority to bear arms and make arrests as long as the trainee falls into one of the three exceptions listed in the statute. However, Wallace's argument is flawed for two reasons.  First, law enforcement trainees are not entitled to probable cause hearings because Section 99-3-28(1)(a)(i) applies only to "*sworn law enforcement officer*[.]"  Second, even if a law enforcement trainee could qualify for a hearing under Section 99-3-28(1)(a)(i), Mississippi Code Section 45-6-11(3)(b) (Supp. 2022) provides that "[n]o person shall be appointed or employed as a law enforcement trainee in a full-time capacity by any law enforcement unit for a period to exceed one (1) year."  By his own admission, Wallace had been employed by the Town of Centreville as a

13

police officer for more than eighteen months. Consequently, Wallace cannot be considered a law enforcement trainee either.

## CONCLUSION

¶33. For the reasons given above, we hold that a law enforcement officer who is not certified pursuant to Mississippi Code Section 45-6-11(3)(a) is not entitled to a probable cause hearing under Mississippi Code Section 99-3-28(1)(a)(i). We further hold that Wallace is not entitled to a probable cause hearing under Section 99-3-28(1)(a)(i) because he is not a law enforcement officer as defined by Mississippi Code Section 45-6-3(c).

¶34. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**