HALL *v.* STATE.

(In Banc. Feb. 11, 1946. Suggestion of Error Overruled March 25, 1946.)

[24 So. (2d) 780. No. 36028.]

G. L. Martin, of Prentiss, and W. W. Dent, of Collins, for appellant.

564

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

566

Argued orally by **G. L. Martin**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of unlawful possession of intoxicating liquors. The affidavit charges that he "unlawfully and wilfully possessed intoxicating liquor, to wit, malt liquor."

The testimony showed that the liquor was intoxicating but does not disclose what percentage of alcohol by weight it contained. A constable, who avows familiarity with intoxicants and the processes of manufacture of homemade malt liquors, estimated the potency of the seized liquors as about half that of whisky. He did not reveal the alcoholic content of whisky. He did not have it analyzed but stated, "I believe it would be safe to say it's 40 per cent alcohol, maybe more." Whether he had sampled or tested by smell or taste the liquor exhibited is uncertain. Most of that seized had theretofore been destroyed.

The product inovlved must be classed as malt liquor or beer. Since beer of not more than 4% alcoholic content by weight may be lawfully possessed (Code 1942, sec. 10207), it was necessary that the affiavit allege and the proof show an alcoholic content in excess thereof. The fact that it may be intoxicating does not of necessity

show that the aloholic content exceeded 4% by weight. Compare Fuller v. City of Jackson, 97 Miss. 237, 52 So. 873, 30 L. R. A. (N. S.) 1078.

The defendant requested two instructions submitting to the jury the factual issue whether the liquor contained over the maximum content of alcohol. The refusal of these instructions was error, although criticism of the instructions as inartificial and weighted with extraneous matter is not out of place. The case is therefore reversed and remanded.

Reversed and remanded.