CITY OF AMORY v. YIELDING.

(In Banc. April 12, 1948.)

[34 So. (2d) 726. No. 36841.]

Richard B. Booth, of Aberdeen, for appellant.

**McFarland & Holmes**, of Aberdeen, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

The problem in this case is whether or not any ordinance of the City of Amory was involved by the charge in the following affidavit: ''. . . that on or about the 2nd day of Sept. 1947, Bob Yielding, in the corporate limits of the City of Amory, in the State of Mississippi, did wilfully, unlawfully have intoxicating beer in his possession on Main Street contrary to the laws and or-

dinances of the City of Amory in such cases made and provided." The point was raised by demurrer in the Circuit Court of Monroe County, on appeal from the court of the police justice of Amory. This demurrer was by the circuit judge sustained on the ground that the affidavit was insufficient and charged no offense. The City of Amory appealed.

Appellant contends that since the matter was heard on demurrer, the court did not have before it the ordinance of the City of Amory and hence could not determine whether the affidavit charged a crime thereunder or not. It is true that courts do not take judicial knowledge of municipal ordinances, and that they must be established by proof on the trial of a person charged with violation thereof. However, that difficulty fades out in the case at bar, for the reason that the municipality of Amory could not pass a criminal ordinance on a subject more severe or comprehensive than the State statute dealing therewith. The power of the municipality is found in two sections of the Code of 1942, Section 3411 dealing with police regulations; and Section 3660 dealing with penal offenses, under the general state laws, committed within the corporate limits of a municipality.

The first of these two statutes confers upon the municipality the power to make all needful "police regulations," but concludes with the power "to adopt ordinances prohibiting within the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state." The statute primarily deals with "police regulations," defined therein. We have dealt with the subject of "police regulations" in Ex parte Bourgeois, 60 Miss. 663, 45 Am. Rep. 420. If it were not for the concluding paragraph quoted above, this statute would not have any bearing on the question before us. The second of the two statutes, cited above, provides that "All offenses under the penal laws of the state which are misdemeanors shall, when so provided by a general ordinance of the municipality, also be of-

fenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case, and upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporations.''

Section 10207, Code 1942, made it lawful to possess beer of an alcoholic content of not more than four percentum by weight anywhere in the State, when it was enacted. Section 10208, Code 1942, dealing with elections to outlaw rights in connection with beer, contains this pertinent provision: ''Provided, however, that nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption.'' It is manifest that the City of Amory could not adopt any valid ordinance, the effect of which would be nullification of the State's statutes dealing with the same misdemeanor, such as the possession of beer made legal for personal consumption, as here. If an ordinance so provided, it would be invalid, and could charge no criminal offense. Hence, it was not necessary either for the court to take judicial knowledge of the ordinance, or for the judge to have it before him when passing on this demurrer.

If Monroe County be wet or dry insofar as beer is concerned, a person may lawfully have it in his possession for personal consumption, provided its alcoholic content is not more than four percentum by weight. If a county has not voted to exclude it, beer of the weight not exceeding four percentum is lawful for all of the purposes named in the statute, including possession. If by an election the county has excluded the right to transport, store, sell, distribute, receive and manufacture such

beer, still no ordinance could be passed under the express prohibition of Section 10208, supra, barring "The consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption." As stated, any ordinance attempting to alter or change the limitations of the State statute on the subject would be void. The affidavit here makes no charge that the defendant had the beer in his possession for the purpose of sale, or as an agent of some other person, or for consumption by others.

In Dismukes v. Town of Louisville, 101 Miss. 104, 57 So. 547, we held that an ordinance which provides "that chapter 28 of the Annotated Code of Mississippi be and the same is hereby adopted as the Criminal Code and laws of said town" was void, in that it attempted to confer upon the mayor of the town jurisdiction over all felonies as well as misdemeanors committed within the corporate limits, since Section 3410, Code 1906, now Section 3660, Code 1942, expressly limited municipal powers to statutory misdemeanors. The jurisdiction conferred on the municipality by adoption of misdemeanors against the State, was that the offense against the municipality became the same as that defined in the statute, not an altered, amended, extended, or restricted adaption thereof.

The affidavit in this case charged the defendant with possession of "intoxicating beer", which conflicts with the possessory privilege granted in Section 10208, and since a municipality cannot validly expand or contract the application of a statute defining a misdemeanor, its ordinance must conform thereto, as pointed out supra. Hence no ordinance of the City of Amory could lawfully be enacted, which would prohibit consumer-possession of beer, described merely as "intoxicating". The statute permits, as stated, such possession of beer with an alcoholic content of not more than four percentum by weight. In the case of Hall v. State, 199 Miss. 560, 24 So. (2d) 780, dealing with possession of beer, we said:

"Since beer of not more than 4% alcoholic content by weight may be lawfully possessed (Code 1942, Sec. 10207) it was necessary that the affidavit alleged and the proof show an alcoholic content in excess thereof. The fact that it may be intoxicating does not of necessity show that the alcoholic content exceed 4% by weight. Compare Fuller v. City of Jackson, 97 Miss. 237, 52 So. 873, 30 L. R. A. (N. S.) 1078." That case is controlling of the issue before us, and the court below was correct in holding that the affidavit under consideration was insufficient and charged no offense. Its judgment is, therefore, affirmed, and appellee discharged.

Affirmed.