RODGERS, Justice.
The appellant filed an original bill in the Chancery Court of Jackson County, Mississippi, seeking an injunction, temporary and permanent, against Benjamin B. Navarrette, the sheriff of that county. The complainant, appellant here, alleged that he was arrested on a charge of selling beer at 12:55 o’clock A.M. on the 28th of December, 1968.
The complainant averred that the sheriff had publicly stated “that he will cause the repeated arrest and prosecution of complainant if complainant continues to sell light wines and beers and alcoholic beverages between the hours of midnight and 2:00 o’clock A.M.” He charged that such a course of action and threats of arrest would deprive the complainant of the constitutional right to the use of his property.
The amended bill points out that the city of Moss Point, Mississippi, enacted an ordinance making it unlawful for any person, business firm or corporation to sell light wines and beers inside the city between the hours of 2:00 o’clock A.M. central standard time and 9:00 o’clock A.M. of each secular night of the week, and between the hours of 12:00 o’clock midnight on Saturday and 9:00 o’clock A.M. on the following Monday.
The amended bill for injunction alleged that on December 13, 1966, the State Tax Commission of the State of Mississippi approved the sale of alcoholic beverages in Moss Point, Mississippi, by hotels, restaurants and clubs between the hours of 9:00 o’clock A.M. and 2:00 o’clock A.M. on all days except Sundays and election days.
The bill alleged that the complainant operated a restaurant and a lounge; that he had license to sell light wines and beers and alcoholic beverages; that the threatened activity of the sheriff would interfere with his legitimate business, and that he had no adequate remedy at law to prevent the sheriff from causing serious damages to his business. The sheriff filed a general demurrer to the amended bill of complaint and the chancellor sustained the demurrer.
The appellant, Lee W. Watkins, Jr., appeals to this Court contending that the chancery court erred in sustaining the ap-pellee’s demurrer to the amended bill for injunction. The vital question in this appeal is one of statutory construction: Is there a conflict between the provisions of Section 10223(a), Mississippi Code 1942 Annotated (1952), and the provisions of the ordinance of the city of Moss Point, Mississippi, enacted pursuant to Section 10224, Mississippi Code 1942 Annotated (1952), regarding the hours of sale of beer? More particularly, is Section 10223 (a), Mississippi Code 1942 Annotated (1952), set forth in the alternative, evidencing a legislative intent to allow local regulation of the hours of sale of beer; or does Section 10223(a) clearly limit municipalities to the hours in which beer can be sold within the hours set out by state law?
Section 10223, in part, reads as follows:
“ * * * [I]t shall be unlawful for the holder of a permit authorizing the sale of beer or wine at retail:
“(a) To sell, give or dispense or permit to be consumed in or upon any licensed premises any beer or wine between the hours of midnight and 7:00 o’clock the following morning, or during any time the licensed premises may be required to be closed by municipal ordinance or order of the board of supervisors.”
Section 10224, Mississippi Code 1942 Annotated (1952), provides as follows:
“§ 10224. Municipalities. — Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other *855 measures as will promote public health, morals, and safety, as they may by ordinance provide, and the board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as .are herein provided for municipalities.”
We are of the opinion that Section 10223(a), when read in conjunction with Section 10224, as a whole, and one section in context with the other, militates for the conclusion that though Section 10224 refers to the authority of municipalities to prescribe hours opening or closing of this type business, those hours prescribed by the municipality must come within the limits of the hours established by state law, Section 10223(a), Mississippi Code 1942 Annotated (1952).
In other words, Section 10223(a) means that municipalities have the authority to regulate the hours in which beer can be sold within the hours of 7:00 o’clock A.M. to midnight. A municipal ordinance extending the hours in which beer can be sold beyond midnight and before 7:00 o’clock A.M. the following morning would be in conflict with Section 10223(a). It is well established that in any conflict between an ordinance and a statute, the latter must prevail. City of Amory v. Yielding, 203 Miss. 265, 34 So.2d 726 (1948); McQuillian, Municipal Corporations, Third Edition (1969), § 15.20.
Since state law is a controlling authority where an ordinance is contrary thereto, and since the ordinance of Moss Point is contrary to, and in conflict with, Section 10223(a), the bill for injunction failed to state a cause of action and the demurrer was properly sustained as to the allegation in the amended bill with reference to light wines and beers.
However, in his amended bill for injunction, complainant appellant alleged that on December 13, 1966, the State Tax Commission of the State of Mississippi, acting pursuant to the provisions of Section 10265-17(a) (14), Mississippi Code 1942 Annotated (Supp.1968), approved the sale of alcoholic beverages in Moss Point, Mississippi, by hotels, restaurants and clubs between the hours of 9:00 o’clock A.M. and 2:00 o’clock A.M. on all days except Sundays and election days.
Section 10265-17(a) (14) provides as follows:
“(a) The State Tax Commission, under its duties and powers with respect to the Alcoholic Beverage Control Division therein, shall have the following powers, functions and duties:
* * * * * *
“(14) To designate hours and days when alcoholic beverages may be sold in different localities in the State which permit such sale.”
Although Section 10265-17(a) (14) gives the State Tax Commission authority to designate hours when alcoholic beverages may be sold in different localities in the state which permit such sale, and the State Tax Commission did in fact approve the sale of alcoholic beverages in Moss Point, Mississippi, by hotels, restaurants and clubs between the hours of 9:00 o’clock A.M. and 2:00 o’clock A.M. on all days except Sundays and election days, the complainant appellant’s amended bill for injunction is, nevertheless, not sufficient to show that complainant appellant’s property rights were in danger of repeated arrest and prosecution by appellee for selling such “alcoholic beverages between the hours of midnight and 2:00 o’clock A.M. on the following morning.”
The court should be slow in issuing injunctions against police officers, and the writ should issue only in cases where clear right to such relief is established. An injunction will not issue on a mere ap *856 prehension or fear that police officers will commit an unlawful act. 43 C.J.S. Injunctions § 108(d).
Therefore, we are of the opinion, and so hold, that the chancellor’s order sustaining the defendant’s demurrer to the amended bill for injunction should be affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, IN-ZER and ROBERTSON, TL, concur.