910 So.2d 1 (2004)
Harold GREEN, et al., and City of Richland, Mississippi, Appellants
v.
CLEARY WATER, SEWER & FIRE DISTRICT, Appellee.
No. 2003-CA-01062-COA.
Court of Appeals of Mississippi.
August 3, 2004.
Rehearing Denied October 26, 2004.
Jay Max Kilpatrick, Paul B. Henderson, Jackson, David Ringer, and Michael D. Caples, Jackson, attorneys for appellants.
James A. Bobo, Pearl, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. On August 23, 2002, 123 residents of Rankin County, brought suit against the Cleary Water, Sewer, & Fire District. On September 3, 2002, the City of Richland was granted a motion to intervene. The residents, and the City, were seeking a declaratory judgment and injunctive relief against the District. On April 17, 2003, Special Chancellor Jason H. Floyd, Jr. granted the District's motion for summary judgment. Aggrieved by this dismissal, co-appellants Green, and the City have perfected their appeal. Green and the City of Richland filed separate briefs, and the following issues were addressed, which we quote verbatim:
By co-appellant Green:
I. Whether the Cleary Water, Sewer & Fire District has the express statutory authority or jurisdiction to enact an ordinance regulating the use, repair, maintenance and operation of an "Individual On-Site Wastewater Disposal System."
II. Whether the "Decentralized Wastewater Use Ordinance" enacted by the Cleary Water, Sewer & Fire District is preempted by the Mississippi Legislative enactment of the Mississippi Individual On-Site Wastewater Disposal System Law as codified at the Mississippi Code, Annotated, Section 41-67-1, et seq., and the Mississippi Department of Health regulations governing Individual On-site Wastewater Disposal Systems.
*2 III. Whether the ordinance as enacted constitutes a taking of personal property without just compensation as protected by the Fifth Amendment of the Constitution of the United States of America and Article 3 Section 17 of the Constitution of the State of Mississippi.
IV. Whether the Chancellor committed reversible error in considering the affidavits not delivered to counsel opposite the day prior to hearing and not received by counsel opposite minutes prior to the hearing.
V. Whether the Chancellor committed reversible error in relying on affidavits of employees of state agencies as speaking on behalf of the State of Mississippi and legal conclusions that the ordinance in question did not conflict with the Department of Health regulations.
By co-appellant City of Richland:
I. Whether the Cleary Water, Sewer, & Fire District has the express statutory authority and/or jurisdiction to enact an ordinance regulating the use, repair, maintenance and operations of an "Individual On-Site Wastewater Disposal System."
II. Whether the Ordinance enacted by the Cleary Water, Sewer, & Fire District is preempted by the Mississippi Individual On-Site Wastewater Disposal System law as codified at Mississippi Code Ann. § 41-67-1 et seq.
We will not address the issues as they were presented, as the following restated issue is dispositive of the case.
Whether the Cleary Water, Sewer & Fire District had the statutory authority to enact the Ordinance.

STATEMENT OF FACTS
¶ 2. Pursuant to Mississippi Code Annotated Sections 19-5-151-207, the Rankin County Board of Supervisors adopted a resolution fixing January 16, 1977, as the date for the creation of the Cleary Sewer District. On May 16, 1980, the Governor of the State of Mississippi approved local and private legislation which created the Cleary Heights Water and Sewer District. The legislation provided that "[h]ereafter. . . the Cleary Heights Water and Sewer District . . . shall have all powers granted to a water and sewer district under the provisions of Mississippi Code Annotated Sections 19-5-151 through 19-5-257, Mississippi Code of 1972, as now or hereafter amended, whether or not such powers were enumerated in the resolution of the board of supervisors creating the Cleary Heights Sewer District." In 1986, the District adopted a resolution to combine its operations with the Cleary Fire Protection District and to continue joint operations under the name Cleary, Water, Sewer and Fire District. The District provides potable water, and waste water disposal to a large area located in southwest Rankin County.
¶ 3. Personnel employed by the District routinely observed untreated or undertreated waste sewage being discharged upon the ground within the District on properties which have on-site waste water treatment systems. By 2000, this problem, coupled with increased population growth within the District, caused the Mississippi State Department of Health (MDH) to recommend that the District investigate the regulation of sewage through an ordinance regulating on-site waste water systems (septic tanks). The District met with personnel from the MDH and Mississippi Department of Environmental Quality (MDEQ) to develop regulations to address the discharge of waste water in the district. The draft of the proposed Ordinance was sent to both the *3 MDH and the MDEQ for review and comment. The MDEQ informed the District by letter of their support of the "District's adoption of such an ordinance and believe it will provide needed additional protection of the environment."
¶ 4. After a review of the Ordinance by MDEQ and MDH, the District published a "Notice of Public Hearing," regarding the proposed Ordinance, in The Rankin County News. The Notice was also posted in three public places within the District. A public hearing was held, and there were no objections to the adoption of the Ordinance.
¶ 5. On June 14, 2001, the District adopted the "Decentralized Wastewater Use Ordinance." The purpose of the Ordinance was to regulate the use and repair of individual on-site wastewater disposal systems. The Ordinance required that customers with individual on-site wastewater disposal systems have them inspected and where necessary repaired to comply with the Ordinance.
¶ 6. In an effort to get compliance with the Ordinance, the District mailed three letters to customers with individual on-site wastewater disposal systems. These letters advised customers that their failure to comply with the Ordinance would result in the District turning off their potable water supply.
¶ 7. On August 23, 2002, about 123 residents of the District filed suit in the Chancery Court of Rankin County seeking a declaratory judgment and injunctive relief against the District. The residents argued that the District did not have statutory authority to enact an Ordinance regulating individual on-site wastewater disposal systems, and the residents sought to have the Ordinance declared void. The residents also requested an injunction to prevent the District from disengaging water service to individuals who refused to comply with the Ordinance.
¶ 8. On August 23, 2002, an order of recusal was issued by Rankin County Chancellors John S. Grant III and Thomas L. Zebert. On August 27, 2002, the Mississippi Supreme Court appointed special chancellor Jason H. Floyd, Jr. to preside over the proceedings.
¶ 9. On September 3, 2002, the City of Richland filed a motion to intervene, contending that the District did not have authority to regulate individual on-site wastewater systems. On the same day the Chancellor granted Green's motion for a preliminary injunction, and the City's motion to intervene.
¶ 10. On September 18, 2002, the District removed the suit to the United States District Court for the Southern District of Mississippi, alleging that the complaint sought to have the Ordinance declared unconstitutional, thereby creating a federal question. On October 18, 2002, Green, filed a motion to remand, contending the federal constitutional question was merely speculative. On January 13, 2003, U.S. District Judge William Barbour, Jr. granted Green's motion to remand the case to the Chancery Court of Rankin County.
¶ 11. On January 26, 2003, the District filed a motion to dismiss, or in the alternative for summary judgment, and for other relief. On February 10, 2003, Green responded to the motion to dismiss and filed his own motion for summary judgment. On March 5, 2003, the District filed its response to Green's motion for summary judgment.
¶ 12. On April 2, 2003, the District submitted the affidavit of Ralph R. Turnbo, Jr., the director of the Division of Onsite Wastewater with the Mississippi State Department of Health, which stated that the Ordinance, "does not unlawfully encroach *4 upon the authority of the Mississippi Department of Health." On April 17, 2003, Chancellor Floyd granted the District's motion for summary judgment, without opinion. Aggrieved, Green appeals to this Court.

ISSUE AND ANALYSIS

Whether the Cleary Water, Sewer & Fire District had the statutory authority to enact the Ordinance.
¶ 13. Neither party disputes that the District's power to regulate is governed by statute. However, the conflict arises over which statute is applicable. Green contends that the trial court erred in denying his motion for summary judgment because the District lacked statutory authority, or jurisdiction, to regulate individual on-site wastewater disposal systems. Green argues that Mississippi Code Annotated Section 19-5-173[1] grants general powers to the District, but it does not expressly or impliedly grant the District jurisdiction over the use, repair, maintenance, or operation of individual on-site wastewater disposal systems. Moreover, Green contends that the Ordinance is preempted by the Mississippi Individual On-Site Wastewater Disposal System Law codified in Mississippi Code Annotated Sections 41-67-1-31, as it grants the Mississippi State Department of Health sole authority over individual wastewater systems. See Miss.Code Ann. § 41-67-3(1)[2].
¶ 14. The City of Richland contends that pursuant to Mississippi Code Annotated *5 Sections 41-67-1-31, the Legislature vested sole authority over individual onsite wastewater disposal systems in the Mississippi State Department of Health. Moreover, it contends the Legislature provided that only municipalities or a board of supervisors could adopt legislation similar to that in the Mississippi On-Site Wastewater Disposal System Law. See Miss. Code Ann. § 41-67-15 (Rev.2001)[3]. The City contends, as Green, that the Ordinance is preempted by the Mississippi Individual On-Site Wastewater Disposal System Law.
¶ 15. The District contends that the Ordinance is not preempted by Mississippi Code Annotated Sections 41-67-1-31 and moreover the Ordinance was enacted pursuant to Mississippi Code Annotated Section 19-5-173. The District contends the Ordinance was adopted pursuant to Mississippi Code Annotated Section 19-5-173, as a regulation to "secure the general health" of residents of the District. As the supplier of potable water, the District contends that the health of those in the district was threatened by untreated or under-treated waste water observed by District personnel on private properties with on-site waste water treatment systems. The District contends that the Ordinance was enacted merely as a safety precaution to prevent the discharge of untreated waste water into the surface and ground water supplied by the District, thereby endangering the health and safety of its customers. The District also contends that the Ordinance was adopted by the suggestion of the MDH, and that the MDEQ and MDH both approved of the Ordinance. Finally, the District contends that the affidavit of Ralph R. Turnbo, Jr. the MDH Director of the Division of Onsite Wastewater Management, states that the Ordinance does not conflict, or usurp, the authority of the Mississippi State Department of Health.
¶ 16. The Mississippi Supreme Court has recognized that "[t]he police power confers upon the states and local governmental units broad regulatory authority over public health, welfare, and morals." Collins v. City of Hazlehurst, 709 So.2d 408, 412 (Miss.1997); citing Davidson v. City of Clinton, Mississippi, 826 F.2d 1430, 1433 (5th Cir.1987). In Collins, the Court upheld a city ordinance that was more restrictive than the state statute pertaining to the sale of alcohol.
¶ 17. The Mississippi Supreme Court has also said:
that any exercise of police power is valid if it has for its object the protection and promotion of the public health, safety, morality or welfare, if it is reasonably related to the attainment of that object, and if it is not oppressive, arbitrary or discriminatory. (citations omitted) In other words, when governmental entities act pursuant to their police powers, and in the absence of a binding agreement, they are free to conduct their affairs in a manner consistent with their best interests provided their actions are reasonably related to the attainment of those interests and are not arbitrary, oppressive or discriminatory.
Hollywood Cemetery Ass'n v. Board of Mayor and Selectman of City of McComb City, 760 So.2d 715, 719 (¶ 13) (Miss.2000).
¶ 18. As the District acted under the authority of its general police powers we *6 find that the Ordinance is a valid exercise of its authority. See Miss.Code Ann. § 19-5-173 (Rev.2003). The Mississippi On-Site Wastewater Disposal System Law, while not mentioning sewer districts, does not expressly prevent sewer districts from regulating the use or maintenance of individual on-site wastewater disposal systems. See Miss.Code Ann. §§ 41-67-1-31 (Rev.2001). Furthermore, Mississippi Code Annotated Sections 41-67-1-31, ("Mississippi On-Site Wastewater Disposal System Law") did not repeal Mississippi Code Annotated Section 19-5-173 (which confers upon the board of commissioners power to regulate the general health of those residing in the district), and cannot be read as such. The District must be given the ability to protect the potable water that it supplies to its customers through regulations protecting the health of these customers.
¶ 19. Finally, the Ordinance was adopted at the request of the Mississippi State Department of Health, the agency given the authority under the Mississippi Individual On-Site Wastewater Disposal System Law over wastewater disposal systems. See Miss.Code Ann. § 41-67-3(1) (Rev.2001). The Ordinance was adopted with the express approval of the MDH and MDEQ, and as such we do not find that the District usurped its authority under Mississippi Code Annotated Section 19-5-173.
¶ 20. This Court has a well-established, and very familiar, standard of review of a trial court's grant of summary judgment:
This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the nonmovant should be given the benefit of the doubt.
Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001) (citations omitted).
¶ 21. We find that there were no material disputed issues of fact, and that the District acted in accordance with its police power pursuant to Mississippi Code Annotated Section 19-5-173. Accordingly, we do not find that chancellor erred in granting summary judgment to the District.
¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, J. BRIDGES AND SOUTHWICK, P.JJ., NOT PARTICIPATING.
GRIFFIS, J., Dissenting.
¶ 23. I am of the opinion that the majority has incorrectly determined that the Cleary Water, Sewer & Fire District had the statutory authority to regulate individual on-site wastewater disposal systems *7 and that the Mississippi Individual On-Site Wastewater Disposal Law does not preempt the regulation of individual on-site wastewater disposal systems. Therefore, I respectfully dissent.
¶ 24. In Lepre v. D'Iberville Water and Sewer Dist., 376 So.2d 191, 194 (Miss. 1979), the Mississippi Supreme Court held that a water/sewer district may only exercise such powers as are expressly delegated to it by the legislature.
¶ 25. The appellants argue that the District's authority is derived from Mississippi Code Annotated §§ 19-5-151-257 (Rev. 2003) and is limited by the following statement of the District's general powers:
Districts . . . shall have the powers enumerated in the resolution of the board of supervisors creating such districts but shall be limited to the conducting and operating of a water supply system, a sewer system, . . . or a combined water and sewer system, . . . and to carry out such purpose or purposes, such districts shall have the power and authority to acquire, construct, reconstruct, improve, better, extend, consolidate, maintain, and operate such system or systems. . . .
Miss.Code Ann. § 19-5-175 (Rev.2003) (emphasis added). The District argues that its authority is much broader and that its authority to enact the ordinance comes from Mississippi Code Annotated § 19-5-173 (Rev.2003), which provides:
The board of commissioners shall have the power to make regulations to secure the general health of those residing in the district; to prevent, remove and abate nuisances; to regulate or prohibit the construction of privy-vaults and cesspools, and to regulate or suppress those already constructed; and to compel and regulate the connection of all property with sewers.
¶ 26. Mississippi Code Annotated Section 19-5-175 (Rev.2003) expressly limits the District's authority to "sewer systems." Mississippi Code Annotated Section 49-17-5(c) (Rev.2003) sets forth a definition of a "sewerage system" to mean "pipelines or conduits, pumping stations, and force mains, and other structures, devices, appurtenances and facilities used for collecting or conducting wastes to an ultimate point for treatment or disposal." I can find no definition, either statutory or otherwise, that would suggest that a sewer system includes individual on-site wastewater disposal systems or septic tanks.
¶ 27. Clearly, the legislature recognized a difference between sewer systems and septic tanks by enacting the Mississippi Individual On-Site Wastewater Disposal System Law. Miss.Code Ann. §§ 41-67-1 et seq. (Rev.2001). The Mississippi Individual On-Site Wastewater Disposal System Law provides for a comprehensive statutory scheme for regulating septic tanks. Miss.Code Ann. § 41-67-3(1) (Rev. 2001). The legislature specifically granted the power to promulgate rules and regulations regarding septic tanks to the Mississippi State Board of Health. Miss.Code Ann. §§ 41-67-3(1)(b) and 41-67-3(4) (Rev.2001).
¶ 28. The majority rejects the statutory limitations on the District's powers, as established in Mississippi Code Annotated Section 19-5-175 (Rev.2003), and bases its decision on the general police powers of Mississippi Code Annotated Section 19-5-173 (Rev.2003). Section 19-5-173 grants regulatory power to the District to: (1) make regulations to secure the general health of residents in a district; (2) prevent, remove and abate nuisances; (3) regulate or prohibit construction of privy-vaults and cesspools; (4) regulate or suppress privy-vaults or cesspools already constructed; and (5) compel and regulate the connection of all property with sewers. *8 The District's ordinance does not relates to any type of nuisance and it does not attempt to connect all property with sewers. Privy-vaults and cesspools refer to outhouses and other structures that retain sewage but provide little or no treatment before releasing the sewage to the surrounding area. Thus, the majority determines that the ordinance was enacted to secure the general health of residents.
¶ 29. The Mississippi Individual On-Site Wastewater Disposal System Law ensures that individual on-site wastewater disposal systems (septic tanks) are properly designed, constructed, operated and maintained. Miss.Code Ann. § 41-67-3(1)(a) (Rev.2003). The legislature granted the State Board of Health with primary responsibility over septic tanks and specifically authorized the Mississippi Department of Environmental Quality to assist in the administration of the State Board of Health's responsibilities and clearly defined each department's role and responsibilities in overseeing the use of septic tanks. Id. Thus, by statutory enactment, the State Board of Health and the Mississippi Department of Environmental Quality have the responsibility to ensure that septic tanks do not adversely affect the general health of residents. Id.
¶ 30. In Mississippi Code Annotated Section 41-67-15 (Rev.2003), the legislature determined that "nothing in this chapter [the Mississippi Individual On-Site Wastewater Disposal System Law] shall limit the authority of a municipality or board of supervisors to adopt similar ordinances which may be, in whole or in part, more restrictive than this chapter, and in those cases the more restrictive ordinances will govern." The District is neither a municipality nor a board of supervisors. Accordingly, the Mississippi Individual On-Site Wastewater Disposal System Law preempts the regulation of individual on-site wastewater disposal systems, or septic tanks, by the District. As such, the District had no authority to promulgate rules and regulations regarding septic tanks.
¶ 31. In conclusion, the individual appellants are not served by the District's centralized sewer system. As a result, they are required to install an individual septic tank pursuant to the rules and regulations of the State Board of Health. If the District were to install a centralized sewer system to everyone within its boundaries, then the District would have the statutory authority to require that every resident be connected to the District's system. Through the enactment of this ordinance, I find that the District has acted beyond its jurisdictional bounds and has no authority to regulate individual on-site wastewater disposal systems, and the chancellor erred as a matter of law in granting the summary judgment in favor of the District.
LEE, J., JOINS THIS SEPARATE OPINION.
NOTES
[1] Miss.Code Ann. § 19-5-173 (Rev.2003) Board of commissioners; power to enact regulations. The board of commissioners shall have the power to make regulations to secure the general health of those residing in the district; to prevent, remove and abate nuisances; to regulate or prohibit the construction of privy-vaults and cesspools, and to regulate or suppress those already constructed; and to compel and regulate the connection of all property with sewers.
[2] Miss.Code Ann. § 41-67-3(1) (Rev.2001) Duties and responsibilities. (1) The State Board of Health shall have the following duties and responsibilities:

(a) To exercise general supervision over the design, construction, operation and maintenance of individual on-site wastewater disposal systems with flows substantially equivalent to a single family residential generator, except when the property owner or lessee chooses to employ a professional engineer to comply with this chapter. To effectively administer this law, the department and the Department of Environmental Quality shall enter into a memorandum of understanding, which at a minimum shall clearly define the jurisdiction of each department with regard to wastewater disposal and procedures for interdepartmental interaction and cooperation;
(b) To adopt, modify, repeal and promulgate rules and regulations, after due notice and hearing, and where not otherwise prohibited by federal or state law, to make exceptions to, to grant exemptions from and to enforce rules and regulations implementing or effectuating the duties of the board under this chapter to protect the public health. The board may grant variances from rules and regulations adopted under this chapter, including requirements for buffer zones, or from setbacks required under Section 41-67-7 where the granting of a variance shall not subject the public to unreasonable health risks or jeopardize environmental resources;
(c) To provide or deny certification for persons engaging in the business of the design, construction or installation of individual onsite wastewater disposal systems and persons engaging in the removal and disposal of the sludge and liquid waste from those systems;
(d) To suspend or revoke certifications issued to persons engaging in the business of the design, construction or installation of individual on-site wastewater disposal systems or persons engaging in the removal and disposal of the sludge and liquid waste from those systems, when it is determined the person has violated this chapter or applicable rules and regulations; and
(e) To require the submission of information deemed necessary by the department to determine the suitability of individual lots for individual on-site wastewater disposal systems.
[3] Miss.Code Ann. § 41-67-15 (Rev.2001) Authority of municipalities and boards of supervisors to adopt more restrictive ordinances not impaired. Nothing in this chapter shall limit the authority of a municipality or board of supervisors to adopt similar ordinances which may be, in whole or in part, more restrictive than this chapter, and in those cases the more restrictive ordinances will govern.