CARLSON, Presiding Justice,
dissenting:
¶ 27. Because I would affirm in toto the Pike County Board of Supervisors’ enactment of an ordinance prohibiting not only the consumption but also the possession, of alcoholic beverages on portions of the Bogue Chitto River and Topisaw Creek, and because the majority declares null and void that portion of the Board’s ordinance concerning the possession of alcoholic beverages on designated portions of the two waterways, I respectfully dissent.
¶ 28. Although the majority appropriately cites Maynard v. City of Tupelo, 691 So.2d 385 (Miss.1997), in support of its affirmance of the Board’s enactment of an ordinance prohibiting consumption of alcoholic beverages on designated portions of the two waterways, I likewise cite Maynard in support of my position that the Board also had authority to include in its ordinance a ban on the possession of alcoholic beverages on portions of the Bogue Chitto River and Topisaw Creek.
¶ 29. Ultimately, the issue is whether the ordinance conflicts with state statutes legalizing possession of alcohol in counties that have opted to be “wet” counties.
¶ 30. The aggrieved business owners, Wendy Ryals and Ronald Perry (business owners), argue that, since possession of light wines and beer, as well as possession of alcoholic beverages greater than five-percent alcohol, is legal in Pike County, then the Board’s prohibition on possession of all forms of alcohol is contrary to Section 67-1-7 of the Local Option Beverage Control Law, and Section 67-3-5 of the Light Wines and Beer Chapter. See Miss. Code Ann. §§ 67-1-7, 67-3-5 (Rev. 2005). According to the business owners, because the ordinance conflicts with state statutes, “the latter must prevail.” City of Amory v. Yielding, 203 Miss. 265, 34 So.2d 726 (1948).
¶ 31. Mississippi Code Section 67-1-7[3] states, in pertinent part:
*452 The manufacture, sale, distribution, possession and transportation of alcoholic beverages shall be lawful, subject to the restrictions hereinafter imposed, in those counties and municipalities of this state in which, at a local option election called and held for that purpose under the provisions of this chapter, a majority of the qualified electors voting in such election shall vote in favor thereof.
Miss.Code Ann. § 67-1-7 (Rev. 2005) (emphasis added). Mississippi Code Section 67-3-5 (Rev. 2005) states, in pertinent part:
It shall be lawful, subject to the provisions set forth in this chapter, in this state to transport, store, sell, distribute, possess, receive, and/or manufacture wine and beer of an alcoholic content of not more than five percent (5%) by weight....
Miss.Code Ann. § 67-3-5 (Rev. 2005) (emphasis added). As correctly noted by the majority, Pike County has permitted the sale and possession of light wines and beer since the Legislature legalized their sale and possession in 1934. The County has opted to be a “wet” county since 1966 when the Legislature passed the Local Option Beverage Control Law. See Miss. Code Ann. §§ 67-1-1 to 67-1-99 (Rev. 2005).
¶ 32. In Maynard, this Court addressed the issue of possession. Maynard, 691 So.2d at 388. The Tupelo Brown Bag Ordinance limited its definition of possession to possession of an open container. Id. at 387. An open container was defined as “any type of drinking container or in any bottle, can or other container upon which the seal, cork, or cap has been opened.” Id. The ordinance’s provision that prohibited on-premises consumption and possession of open containers during certain hours was found to be a reasonable and necessary means of restricting the consumption of alcoholic beverages. Id. “It appears to this Court that an ordinance requiring the city to prove the actual ingestion of alcoholic beverages could be impossible to enforce, and the [ordinance] does in fact allow a citizen to possess alcoholic beverages so long as the beverages are not in open containers as such is defined in the [ordinance].” Id.
¶ 33. A reading of Maynard would appear at first to lend credibility to the business owners’ argument that the prohibition of mere possession of alcohol conflicts with Section 67-1-7. However, I find that, looking to the specifics of today’s case, when compared to the specific facts of Maynard, the purpose of the ordinance would be impossible to realize if Pike County were required to “prove the actual ingestion of alcoholic beverages.” Id. at 387. Moreover, I find that the ordinance is limited in scope to “the waters of the Bogue Chitto River from the Holmesville Bridge downstream to the water park, and on the Topisaw Creek from the Leather-wood Bridge downstream to its place of merger into the waters of the Bogue Chit-to River.” These are the very areas where law enforcement officials reported the most misdemeanor violations and the most difficulty in accessing the waterways to enforce the law. The passing of this ordinance obviously is not an attempt by the Board to limit possession on the campgrounds or the water park, or to limit possession of alcohol by those recreating in cabins or homes on the banks of the river or creek, or to penalize those transporting closed containers of alcohol in their ears to the privacy of their own homes. Common sense (sometimes referred to as “just good ole walking-around sense”), tells me that those persons in possession of alcoholic beverage containers — open or otherwise— on the designated areas of the river or creek are in possession of alcohol for the *453 sole purpose of consuming it. Stated differently, it is difficult for me to imagine any occurrence more nonsensical than a person desiring to tube down the Bogue Chitto River from the Holmesville Bridge to the Bogue Chitto Water Park with a six-pack of unopened beer.
¶ 34. I emphasize here that my position is based on the facts and circumstances peculiar to this particular case, and I would narrowly limit my position to the specific facts of today’s case so as to not encourage its use carte blanche by municipalities or counties to limit possession of alcoholic beverages in areas that are otherwise “wet.”
¶ 35. Similarly, in Collins v. City of Hazlehurst, 709 So.2d 408, 411-12 (Miss.1997), the City of Hazlehurst’s ordinance prohibiting minors from entering an establishment that sold light wine or beer was argued to be in direct contravention to Mississippi Code Section 67-3-53(e), which prohibits permit holders authorized to sell beer and light wine to allow minors to frequent their establishments unless the minors are “accompanied by parents or guardians, or under proper supervision.” See Miss. Code Ann. § 67-3-53(e) (Rev. 2005). In Collins, despite the conflict in the language of the ordinance with that of the statute, this Court accepted the City’s argument that it had an interest in the “welfare and protection of its youth” and in “promoting the public health, morals and safety of those individuals” under twenty-one years of age. Collins, 709 So.2d at 412. This Court held that the ordinance was not void and that the City was acting within its authority under Section 67-3-65. Id. In doing so, the Court stated:
This Court finds the City correctly adopted its ordinance under the authority of Miss.Code Ann. § 67-3-65. “The police power confers upon the states and local governmental units broad regulatory authority over public health, welfare, and morals.” Davidson v. City of Clinton, Mississippi, 826 F.2d 1430, 1433 (5th Cir.1987).

Id.

¶ 36. Likewise, I find today that the Board was acting within its authority to regulate the public health, morals, and safety of those persons frequenting the Bogue Chitto River and Topisaw Creek. Additionally, the Board of Supervisors has a great interest in protecting its citizens from the threat of intoxicated drivers leaving the Bogue Chitto River and Topisaw Creek by way of the highways and roads of Pike County. Accordingly, in my opinion, the ordinance’s prohibition on the possession of alcohol is a valid exercise of the county’s police power.
¶ 37. For the reasons discussed, I would affirm the Pike County Board of Supervisors’ enactment of an ordinance prohibiting the possession and consumption of alcoholic beverages “on the waters of the Bogue Chitto River from the Holmesville Bridge downstream to the water park, and on the Topisaw Creek from the Leatherwood Bridge downstream to its place of merger into the waters of the Bogue Chitto.” Because the majority finds otherwise, I respectfully dissent.
WALLER, C.J., AND PIERCE, J., JOIN THIS OPINION.

. The business owners also cite an excerpt from Section 67-1-11(4), which essentially reads the same as 67-1-7. Section 67-1-11(4) states, in pertinent part:
If, in such election, a majority of the qualified electors participating therein shall vote in favor of the proposition, this chapter shall become applicable and operative in such county and the manufacture, sale, distribution and possession of alcoholic beverages therein shall be lawful to the extent and in the manner permitted hereby.
Miss.Code Ann. § 67-1-11(4) (Rev. 2005).